PER CURIAM.
Sua sponte, we dismiss this appeal since appellant has neglected a clear point of entry to Section 120.56 proceedings by filing a rule challenge before the Division of Administrative Hearings as required by Section 120.56(2), Florida Statutes (1979). See Krestview Nursing Home v. Dept. of Health, 381 So.2d 240 (Fla.1st DCA 1979). Compare Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla.1st DCA 1980).
The appeal is dismissed without prejudice to appellant’s right to initiate an administrative rule challenge proceeding under Section 120.56.
DISMISSED.
ERVIN and SHAW, JJ., and WOODROW M. MELVIN (Ret.), Associate Judge, concur.
ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
In this cause, as well as in Douglas v. Florida Department of Corrections, 388 So.2d 587 (Fla.1st DCA 1980), a case also dismissed upon facts similar to those before us, we neglected to state that appellants, inmates of a Florida correctional institution, are denied party status to a Section 120.57 proceeding. See Section 120.52(10)(d), Florida Statutes (1979). Bowling and Douglas, as written, may cause confusion because we have previously held that the failure to exhaust Section 120.56 rule-challenge remedies does not prevent an appellate court from entertaining such a challenge from an order entered in 120.57 proceedings. See State ex rel. Dept. of General Serv. v. Willis, 344 So.2d 580, 591-92 (Fla.1st DCA 1977). Note also that Section 120.56(5) provides: “Failure to proceed under this section shall not constitute failure to exhaust administrative remedies.”
The difficulty here, as in Douglas, is of course that appellant had no status as a *1032 party to a Section 120.57 proceeding which he had unsuccessfully utilized to attack agency policy, claimed by him invalid because not regularly adopted as a rule. Had he properly been a party to such a proceeding, even though he neglected a clear point of entry to Section 120.56 proceedings, he nevertheless would have possessed sufficient standing to appeal the order entered. Lacking such standing, Bowling’s petition for rehearing is
DENIED.
ERVIN and SHAW, JJ., and WOODROW M. MELVIN (Ret.), Associate Judge, concur.