417 So.2d 1176 (1982)
David A. NORD, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AK-490.
District Court of Appeal of Florida, First District.
August 16, 1982.
David A. Nord, pro se, for appellant.
No appearance for appellee.
LARRY G. SMITH, Judge.
We find no merit in appellant's appeal from establishment of his PPRD in which he challenges the validity of the Commission's Rule 23-21.11(3), Florida Administrative Code, which provides for the "aggregation" of offenses, in computing the PPRD, where the inmate is currently serving a commitment imposed prior to his present commitment.[1]
*1177 While still serving his sentence for conviction of carrying a concealed firearm, appellant was convicted of several offenses (carrying a concealed weapon, resisting an officer with violence, battery on a law enforcement officer, grand theft and petty theft) for which he received concurrent sentences (five years being the longest), and subsequently was also convicted for escape, receiving a one year consecutive sentence. He argues that the Commission's aggregation rule above referred to violates the legislative intent of Section 947.165(1), Florida Statutes (1981), which provides that factors used in arriving at the salient factor score and the severity of offense behavior category shall not be applied as aggravating circumstances. Appellant points out that for the offense, the sentence for which he was serving when the subsequent convictions occurred, he received one salient factor point which resulted in a matrix time range of 12 to 20 months. However, when the Commission aggregated his subsequent offense of battery on a police officer, his salient factor score jumped to five for a matrix time range of 26-32 months. Likewise, his escape conviction, when aggregated, resulted in a computed salient factor score of six, which placed him in the 32-48 month range. These time ranges, added together, yielded 78 months, which resulted in a PPRD of February 12, 1985.
Appellant's contention that the aggregation rule is in violation of the statute overlooks the fact that under subsection (1) of Section 947.165, the Commission is given broad authority to develop and implement objective parole guidelines, the only requirement being that the guidelines "shall be developed according to an acceptable research method and shall be based on the seriousness of offense and the likelihood of favorable parole outcome." "Salient factor score" is not defined by statute, but is a term itself left for definition by the Commission. The Commission's Rule 23-21.02(38) defines the term as follows: "Salient Factors are the indices of the offender's present and prior criminal behavior and related factors found by experience to be predictive in regard to parole outcome." (emphasis supplied)
We find no prohibition in the statute against the use of each conviction in determining the salient factor score, as defined by the Commission, and the aggregation of the matrix time ranges for the several offenses. The fact that the Commission's rules may permit the Commission to arrive at a poorer parole prognosis for an inmate sentenced for a new offense or offenses while serving a sentence, than for one whose sentences for prior derelictions have already been completed before being committed on a new sentence or sentences, is a matter peculiarly within the expertise and discretion of the Commission.
Although we have accepted jurisdiction to review appellant's challenge to the validity of the Commission's aggregation rule, and found it valid, our decision should not be interpreted as any indication that we will so treat every claim of rule invalidity. We undertook review in this case because the challenge to the rule involved essentially *1178 a matter of law to be determined by the ordinary rules of statutory construction. When the challenge to a rule implicates the Commission's exercise of its discretion in matters requiring its special knowledge, experience and services to determine technical and intricate matters of fact, or a uniformity of ruling is essential to comply with the purposes of the statute being administered, we will require prior resort to the Commission via Section 120.54, or 120.56.
The order appealed is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.
NOTES
[1] In Comer v. Florida Parole and Probation Commission, 388 So.2d 1341 (Fla. 1st DCA 1980), we declined to review a similar rule challenge on the ground that there was no showing of exhaustion of administrative remedies. However it should be noted that the Comer case reached us by way of petition for habeas corpus, rather than appeal. In the context of appeal proceedings, such as in the present case, we observe also that Section 120.56(5) specifically provides that failure to proceed under Section 120.56 shall not constitute failure to exhaust administrative remedies. To the same effect, see Section 120.54(4)(d). See, also, Postal Colony Co., Inc. v. Askew, 348 So.2d 338 (Fla. 1st DCA 1977), affirmed 372 So.2d 913 (Fla. 1978). But, cf. Bowling v. Florida Department of Corrections, 389 So.2d 1031 (Fla. 1st DCA 1980), and Douglas v. Florida Department of Corrections, 388 So.2d 587 (Fla. 1st DCA 1980), in which this court dismissed inmate appeals because in each instance the inmate neglected a clear point of entry to a rule challenge pursuant to Section 120.56. As pointed out in the opinion on motion for rehearing and clarification in Bowling the result in both cases was dictated by the fact that neither Bowling nor Douglas was a party to a Section 120.57 proceeding in which the invalidity of a rule was asserted, although, as Bowling further makes clear, if either had been such parties, then they would have had standing to appeal notwithstanding neglect of a clear point of entry under Section 120.56. However, Bowling and Douglas were decided before Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), holding that proceedings for the establishment of a presumptive parole release date were governed by Chapter 120, Administrative Procedures Act, notwithstanding denial of inmate access to the Section 120.57 hearing process. Bowling and Douglas would therefore be inapplicable in appeals from PPRD determinations.