517 So.2d 731 (1987)
Jack RUDLOE and Gulf Specimen Company, Inc., Appellants,
v.
FLORIDA DEPARTMENT OF ENVIRONMENTAL REGULATION and Taylor County Board of County Commissioners, Appellees.
No. BP-12.
District Court of Appeal of Florida, First District.
December 17, 1987.
*732 Randall E. Denker of Lehrman & Denker, Tallahassee, for appellants.
Douglas H. MacLaughlin, Tallahassee, for appellee Dept. of Environmental Regulation.
Martin R. Dix, Silvia Morell Alderman and Marguerite H. Davis of Swann & Haddock, Tallahassee, for appellee Taylor County Bd. of County Com'rs.
SMITH, Chief Judge.
Appellants, Jack Rudloe and Gulf Specimens Company, Inc., seek review of two final orders of the Department of Environmental Regulation (DER) denying their petitions to intervene in and to initiate formal administrative proceedings with respect to DER's decision to issue Taylor County a dredge permit. We affirm.
Jack Rudloe resides in Panacea, Wakulla County, Florida where he operates his business, Gulf Specimen Company, Inc. Both Panacea and the project site, Keaton Beach, in Taylor County, are located along the gently curving coastal area of the Gulf of Mexico, Panacea lying in a north-north-westerly direction from Keaton Beach, the two areas being separated by some forty miles, more or less, of open water. The two counties (Wakulla and Taylor) are separated by Jefferson County.
On November 30, 1985, notice of DER's intent to issue to Taylor County a permit to dredge a channel in the Gulf of Mexico near Keaton Beach was published in the Perry News-Herald in Taylor County. Within fourteen days of the notice, Robert Sadousky petitioned DER for a formal administrative proceeding, contending that the permit should be denied because dredging and increased boat activity would damage the grass beds and eventually destroy the entire food chain in the area. About four months later, Sadousky filed a notice of voluntary dismissal of his petition. A short time afterward, on that same day, appellants' petition to intervene was filed. DER and Taylor County countered with a motion to dismiss. The hearing officer entered an order closing the file, and on July 3, 1986, DER entered a final order accepting Sadousky's voluntary dismissal, denying appellants' motion to intervene, and affirming issuance of the dredge permit to Taylor County.
On July 11, 1986, appellants petitioned for a formal administrative proceeding on the ground that the permit actually issued was substantially different from the original proposed permit. DER denied the petition, stating that its intent to issue Taylor County's dredge permit never changed, that the challenged conditions either applied to all permits or restricted the permitted activity, and that appellants could not now gain another point of entry, having missed their opportunity to intervene in the initial proceeding.
Appellants raise several issues on appeal, only three of which will be addressed herein. First, appellants contend that intervention should be permitted in an administrative proceeding any time prior to entry of a final order. This issue was recently resolved in Humana of Florida, Inc. v. Department of Health and Rehabilitative Services, 500 So.2d 186 (Fla. 1st DCA 1986), rev. den., 506 So.2d 1041 (Fla. 1987), wherein the court held that where a petition is withdrawn, agency jurisdiction ceases to exist. See also RHPC, Inc. v. Dept. of HRS, 509 So.2d 1267 (Fla. 1st DCA 1987). Appellants' reliance on *733 Williams v. Nussbaum, 419 So.2d 715 (Fla. 1st DCA 1982) is misplaced, for in that case no voluntary dismissal was filed, and the trial court still retained jurisdiction to entertain a post-judgment motion to intervene.
Second, appellants argue that they are entitled to a formal administrative proceeding because DER substantially changed the conditions of the permit. DER disagrees with appellants' characterization of the permit changes. However, this disputed issue of fact is not relevant to a resolution of the issue before us. In the published notice of proposed agency action, DER informed the public of its intent to issue Taylor County a permit to dredge a channel in the Gulf of Mexico near Keaton Beach. The notice also informed the public that the "file" was available for inspection at DER's office in Tallahassee. Appellants do not contend that they reviewed the agency file and that based on the conditions of the original proposed permit, they decided not to initiate a formal administrative proceeding. On the contrary, in their petition for a formal hearing, appellants contend that the permit should be denied regardless of any modifications or conditions. In addition, appellants concede that they missed the original point of entry because they were unaware of the proposed agency action until just before petitioning to intervene in Sadousky's proceeding.
While there are circumstances where the agency's action is so different from the proposed action, that a third party could not know from a review of the file that the agency would rule as it did, such is not the case here. See NME Hospital, Inc. v. State Dept. Of Health and Rehabilitative Services, 492 So.2d 379 (Fla. 1st DCA 1986) (third party could not have known from a review of an incomplete application that HRS would change its mind and approve the application). In the present case, DER's intent to issue a permit remained constant, and after the administrative petition was filed by Sadousky, appellants were put on notice that the final conditions of the permit might be different from those proposed. We agree with DER that appellants have missed their clear point of entry and are not entitled to a second chance.
Appellants also challenge the adequacy of the published notice of proposed agency action. From a careful review of the record, the only references to this issue which we found are contained in the orders of the hearing officer and DER. Apparently, appellants orally requested that their petition to intervene be treated as an initiating petition on the grounds that the notice was published in Taylor County where the project is to be undertaken and not in their county of residence, and that they filed their petition within fourteen days of actual notice. Their request was denied. We do not think that this information is sufficient so as to have preserved for appellate review the issues of the validity of Rule 17-103.150 which sets out a method for informing the public of proposed agency action on permit applications and the sufficiency of the notice itself to alert the public to the magnitude of the project. It is a well settled principle of law that questions not raised and ruled upon in the lower tribunal are deemed to be waived and will not be considered on appeal. As an exception to this general rule, on occasion, we have reviewed a rule challenge for the first time on appeal where the challenge involved essentially a matter of law to be determined by the ordinary rules of statutory construction. Nord v. Florida Parole and Prob. Com'n, 417 So.2d 1176 (Fla. 1st DCA 1982). However, when a rule challenge implicates the agency's expertise, as in the present case, the issue must be raised in an administrative proceeding. Id.
AFFIRMED.
ERVIN, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
I must respectfully dissent. On the record before us, appellants were entitled to hearing and disposition by the Department of Environmental Regulation (DER) of the issue raised concerning the sufficiency of the published notice of intent.
Section 403.815, Florida Statutes, provides, in pertinent part, as follows:

*734 The department may ... by rule require the applicant to publish ... in a newspaper of general circulation in the area affected, notice of proposed agency action on any permit application submitted under this chapter... . Within 14 days after publication of notice of proposed agency action, any person whose substantial interests are affected may request a hearing in accordance with s. 120.57. The failure to request a hearing within 14 days after publication of notice of proposed agency action shall constitute a waiver of any right to a hearing on the application under s. 120.57. (emphasis added)
Pursuant to the above-quoted statute, DER adopted Rule 17-103.150, which provides for publication "in a newspaper of general circulation in the county where the activity is proposed."[1] DER, by letter, directed that Taylor County publish notice of intent "one time only in the legal ad section of The Perry News-Herald."[2] That was done.[3]
Appellants are residents of Panacea, in Wakulla County, located across the bay from the Taylor County site of the proposed channel. Both Taylor and Wakulla Counties abut Apalachee Bay where the project site is located. The Perry News-Herald is a weekly paper published in Perry, Taylor County. There is no contention that it has any general circulation outside that county.
Appellants have alleged throughout that they filed with DER within 14 days of receiving actual notice of the proposed dredge and fill. They have also alleged that the notice should have been published in a paper having circulation in Panacea and that the project is one which will affect a wide area because of its impact on grass beds and marine life that are a principal source of the livelihood of area residents, including appellants.
DER's response has been simply to refer to the applicant's compliance with the rule providing for publication of notice in a newspaper in the county where the activity is proposed. In the final order of July 3, 1986, DER expressly rejected the request for a Section 120.57 hearing as being more than 14 days after the notice published in The Perry News-Herald.[4]
DER has elected to use language in its rule which differs from the publication requirement of the statute,[5]supra; therefore, DER must make a determination, supported by sufficient findings, that fundamental notice requirements were met. Failing that, the 14-day period within which to request a hearing did not run, and appellants' right to a hearing was not waived.
*735 Appellants also challenge the substance of the notice (set out at note 3, supra) on the ground that it is insufficient to alert anyone to the magnitude of the project, which includes a two-mile long channel, outright destruction of 6.9 acres of grass beds, and the dredging of 37,000 cubic yards of bay bottom to be placed on a 20-acre, diked site on Cedar Island. DER failed to deal with this issue.
After the permit issued, there were changes made in the conditions surrounding the project. No new notice was given. Appellants' petition for a Section 120.57 hearing was denied. DER concluded, simply, that the changes were "more restrictive" and, hence, not objectionable. The agency further ruled that, even if the changes were material, a new notice was not required since the rule warns that final action may differ from the position taken in the preliminary statement. These findings are not a satisfactory response and fail to deal with the issue as presented by the record before us.
At issue is the legal sufficiency of notice published in one county to cut off rights of residents of other counties also affected by the proposed project. The agency made no finding on what areas would be affected by the proposed dredging in the Apalachee Bay area. The dearth of information given out in the published notice, and lack of notice as to modifications and deviations from standard practices, are related issues also not heard or addressed. The agency's out-of-hand rejection of the issues is not supported by the record and appears to be based entirely on its conclusion that appellants were not entitled to raise these questions.
Therefore, although I do not disagree with the law as stated by the majority concerning the effect of notice of voluntary dismissal and intervention, I would remand for determination by DER of whether there was published notice meeting the requirements of law.
NOTES
[1] Rule 17-103.150, in pertinent part:

(2)(a) All applicants for ... standard form dredge and fill projects ... shall publish, at the applicant's expense, a Notice of Proposed Agency Action on Permit Application... .
(b) The notice shall be published one time only in the legal ad section of a newspaper of general circulation in the county where the activity is proposed... .
[2] Record p. 86:

Pursuant to Section 403.815, Florida Statutes, and Florida Administrative Code Rule 17-103.150, you are required to publish (at your own expense) the attached notice. This notice should be published, one time only, in the legal ad section of the Perry News-Herald as soon as possible.
[3] The substance of the notice:

The Department of Environmental Regulation gives notice of its intent to issue a permit (File No. XXXXXXXXX) to the Taylor County Board of Commissioners to dredge a channel in the Gulf of Mexico near Keaton Beach. The project is located in the Gulf of Mexico, Taylor County, Section 2, Township 7 South, 8 South, Range 7 East, not in an aquatic preserve, Class III waters.
[4] DER order of July 3, 1986:

The hearing officer also found that the petition for intervention could not be considered a timely petition to initiate an administrative proceeding, despite the fact that intervenors do not reside and are not headquartered in Taylor County where notice of the proposed agency action was published. Because the notice was properly published, it was found that intervenors' right to initiate a formal proceeding was cut off 14 days after such publication, even if they did file their petition within 14 days of actual knowledge of the proposed agency action.
[5] This is not a rule challenge proceeding under Section 120.56, Florida Statutes, and the validity vel non of Rule 17-103.150 is not an issue on this appeal.