870 So.2d 881 (2004)
Mark V. CLEMONS, Appellant,
v.
STATE RISK MANAGEMENT TRUST FUND and Florida Department of Insurance, Appellees.
No. 1D03-2252.
District Court of Appeal of Florida, First District.
March 16, 2004.
Rehearing Denied April 28, 2004.
*882 David J. Finger of Levine & Finger, Miami, Attorney for Appellant.
Kelly Overstreet Johnson and Kelly A. O'Keefe of Broad & Cassel, Tallahassee, Attorneys for Amicus Curiae, for appellant.
Ben H. Wilkinson and Cynthia S. Tunnicliff of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for appellees.
BROWNING, J.
After Appellant obtained a judgment against two officers from the Florida Game and Fresh Water Fish Commission in their individual capacities for violations of his federal civil rights under 42 U.S.C. section 1983, Appellant sought payment from Florida's State Risk Management Trust Fund. When the Fund refused to pay, Appellant filed suit against the Fund and Florida's Department of Insurance. The trial court granted the defendants' motion to dismiss on the ground that Appellant was precluded from recovering through the Fund because the civil rights violations were based on intentional torts committed by the officers. We reverse because the final judgment does not contain a provision that Appellant "caused the harm intentionally." See § 284.38, Fla. Stat. (2002).
Section 284.30, Florida Statutes, establishes the Fund to provide insurance for certain claims, including "federal civil rights actions under 42 U.S.C. s.1983 or similar federal statutes." Section 284.38, Florida Statutes, provides for exclusion from coverage where the officer "has been determined in the final judgment to have caused the harm intentionally." Nothing in the final judgment suggests that Officers Henderson and Crabtree intentionally violated Appellant's federal civil rights.
The final judgment states only that Appellant was entitled to damages from each officer on one count of malicious prosecution, one count of civil rights violation, one count of conspiracy to violate civil rights, and three counts of punitive damages. Appellee argues that the finding of liability for malicious prosecution necessarily is a "determination in the final judgment" that the officers "caused the harm intentionally." This is untrue because, even though an element of malicious prosecution is malice, the Florida Supreme Court has held that "[i]n an action for malicious prosecution it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1357 (Fla.1994). Lack of probable cause, gross negligence, and great indifference to persons, property, or personal rights do not constitute intent to harm as clearly stated in section 284.38. Therefore, the finding of liability for malicious prosecution does not mandate exclusion from recovery through the Fund for the violations of federal civil rights. *883 Neither does the finding of liability for punitive damages. This Court has held that, in seeking punitive damages, "[i]t is not necessary to prove actual malice or intent to cause the particular injury sustained; the requisite malice or evil intent may be inferred from the defendant's having willfully pursued a course of action in wanton disregard of the potential harm likely to result as a consequence of that wrongful conduct." Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242, 247 (Fla. 1st DCA 1984). Additionally, the finding of liability for conspiracy to violate civil rights does not necessarily imply that the officers intended to harm appellant because conspiracy does not require a finding of specific intent, but requires only the additional element that the accused conspired to commit the underlying offense. See United States v. Stewart, 65 F.3d 918, 928 (11th Cir.1995); United States v. Irvin, 787 F.2d 1506, 1516 (11th Cir.1986).
Because the trial court's application of the exclusion in section 284.38 was error, we REVERSE and REMAND for proceedings consistent with this opinion.
DAVIS, J., concurs; BENTON, J., concurs with opinion.
BENTON, J., concurring.
I share the majority opinion's view that the exclusion in section 284.38, Florida Statutes (1997), does not apply to the judgment for compensatory damages entered on June 23, 1998, in favor of Mark V. Clemons against Officers Henderson and Crabtree under 42 U.S.C. §§ 1983 and 1985, because "the officer[s] ... [were not] determined in the final judgment to have caused the harm intentionally." § 284.38, Fla. Stat. (1997).
I write separately to address appellant's contention that Form DI4-865, "Federal Civil Rights Liability and Employment Discrimination Certificate of Coverage," promulgated as a rule by incorporation in Rule 4H-2.004(5), Florida Administrative Code, since transferred to Rule 69H-2.004(5), Florida Administrative Code, creates an exclusion, even if section 284.38, Florida Statutes (1997), does not.
The form certificate of coverage attached to the complaint designates Florida Fish and Wildlife Conservation Commission as the "Name Insured" and certifies "Federal Civil Rights Liability Coverage provided pursuant to Chapter 284, Part II, Section 768.28, Florida Statutes, and any rules promulgated thereunder." The certificate purports to exclude
actions of insureds committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property;
. . .
[or] ... final judgments in which the insured has been determined to have caused the harm intentionally[.]
The latter exclusion echoes pertinent language in section 284.38, Florida Statutes (1997). But the former exclusion tracks limiting language in section 768.28(9)(a), Florida Statutes (1997), in contravention of controlling language making clear that the "limits provided in s. 768.28 shall not apply to a civil rights action arising under 42 U.S.C. s.1983 or similar federal statute." § 284.38, Fla. Stat. (1997).
To the extent the certificate and the statute conflict, the statute controls. Cf. Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229, 233-34 (Fla.1971) ("[S]tatutorily fixed and prescribed protection is not reducible by insurers' policy exclusions and exceptions...."). This is so even though the form was adopted by a duly promulgated administrative rule. "It is axiomatic that an administrative rule cannot... contravene the provisions of a statute." State, Dep't of Bus. Reg. v. Salvation Ltd., 452 So.2d 65, 66 (Fla. 1st DCA *884 1984); Willette v. Air Prods., 700 So.2d 397, 401 (Fla. 1st DCA 1997) ("A statute takes precedence over a rule.").
While an administrative law judge presiding in a section 120.57 proceeding will deem controlling duly promulgated administrative rules never challenged under section 120.56, it is open to a reviewing court to adjudicate an administrative rule at odds with the statute it purports to implement, even when there has been no administrative rule challenge proceeding below. See State ex rel. Dep't of Gen. Servs. v. Willis, 344 So.2d 580, 592 (Fla. 1st DCA 1977) ("[P]rovisions [now codified at section 120.56(1)(e)] are addressed ... to district courts of appeal, which might otherwise rebuff rule challenges by petitions to review 120.57 proceedings because petitioner did not `exhaust' the rule-challenge remedies of 120.54 and .56."); Rudloe v. Fla. Dep't of Envtl. Reg., 517 So.2d 731, 733 (Fla. 1st DCA 1987) ("[O]n occasion, we have reviewed a rule challenge for the first time on appeal where the challenge involved essentially a matter of law to be determined by the ordinary rules of statutory construction.").