THE PEOPLE, EX REL. THOMAS, v. SAM. P. BERRY ET AL.

1. DISBARMENT AND CONTEMPT OF COURT.—The same unprofessional conduct by an attorney may be ground for disbarment and likewise constitute a contempt of court.

2. SCANDAL IN PLEADINGS.—The attorney's privilege does not authorize him to insert scandalous matter into written pleadings. While such conduct may under such circumstances justify disbarment, it may also constitute a contempt of court.

3. DEFINITION OF SCANDALOUS MATTER.—By scandalous matter is meant the "allegation of anything which is unbecoming the dignity of the court to hear, or is contrary to good manners, or which charges some person with a crime not necessary to be shown in the cause; to which may be added, that any unnecessary allegation bearing cruelly upon the moral character of an individual is also scandalous."

4. REMEDY BY CONTEMPT—PROCEEDINGS.—Since in this class of offenses contempt proceedings generally furnish sufficient protection to the courts and to the legal profession, this court will as a rule decline to entertain applications predicated thereon for disbarment.

Mr. J. H. MAUPIN, attorney general, for petitioner.

Mr. THEODORE H. THOMAS, *pro se.*

MR. JUSTICE HELM delivered the opinion of the court.

Relator is an attorney at law. He presents a petition and prays the entry of a rule requiring respondents to show

cause why their names should not be stricken from the roll of attorneys practicing before this and the other state courts. The petition recites that in a certain action pending before the district court of Arapahoe county respondents, as attorneys for defendant, filed an answer containing, among other things, impertinent and scandalous allegations maliciously and falsely charging relator, who was plaintiff in that action, with divers disgraceful, felonious and shocking acts. The petition also avers that on motion the court below struck out of the answer in question the objectionable matter. And that an action for damages against respondents would be futile. It does not aver that the district court refused to entertain contempt proceedings against respondents for the alleged misconduct; nor does it allege that the district court was asked to entertain such proceedings.

It is needless to say that the revocation of an attorney's license to practice law is a severe penalty; a penalty that should only be imposed for gross professional malconduct. As a rule where there is any other adequate method of punishing the offense committed and preserving the honor and purity of the legal profession, disbarment should not be favored. While for some kinds of misbehavior showing individuals unworthy to hold a lawyer's license, no other remedy save this exists, it frequently happens that the unprofessional act constitutes likewise a contempt of court; that is to say, it may be such an act as under established legal principles might properly subject the offender either to punishment for a contempt of court, or to disbarment.

Among the acts of attorneys which constitute contempt of court is that of placing written pleadings that contain scandalous matter upon the files. Every attorney knows that the object of such pleadings is to present in the clearest and most concise language—language free from intemperance and impurity—the precise matters constituting the issue to be tried. And every attorney also knows that he has no right to introduce into a pleading unnecessary allegations intended

to humiliate, ridicule or disgrace opposing parties or counsel of the court.

The "privilege" which under proper circumstances protects the attorney against an action for libel does not necessarily control in contempt proceedings. This privilege is not and it never has been a cloak for the dishonor of judicial proceedings and the disgrace of judicial records by means of scandalous matter in pleadings. The term "scandalous" is here employed with its strict legal meaning, viz.: The "allegation of anything which is unbecoming the dignity of the court to hear, or is contrary to good manners, or which charges some person with a crime not necessary to be shown in the cause; to which may be added, that any unnecessary allegation bearing cruelly upon the moral character of an individual, is also scandalous." Rapalje & Lawrence Law Dict. 1151.

Tribunals possessing a proper regard for the good name and dignity of the judiciary visit upon those who offend in this way appropriate punishment. Courts of record everywhere, including the lowest as well as the highest, strike from their files pleadings, briefs and other papers containing such allegations as those above described. This course is usually pursued; but humiliating as it is to the offenders it is sometimes inadequate, and such rulings are not infrequently accompanied with additional reprimands, written or spoken, embodying the severest censure. Occasionally, it is also deemed necessary to impose still other penalties, such as fines or even imprisonments.

As already intimated, such malconduct may under some circumstances justify disbarment. But this court has never as yet inflicted that penalty for the insertion of scandalous matter in a pleading presented to another tribunal. The nearest approach to such action is found in *People ex rel. v. Green*, 9 Colo. 506. But an examination of that case shows that the judgment was there rendered upon a different ground as well as under peculiar and unusual circumstances. The first paper presented was, it is true, a petition averring that

respondent had in a bill filed in the federal court falsely and maliciously accused the judge of superior court of Denver of receiving bribes and of other felonious offenses in connection with his judicial rulings. But when this court after action by the grand jury exonerating the judge in question consented to entertain the proceeding, respondent placed upon its files a sworn answer in which he reiterated in even stronger language all of his former atrocious accusations. Besides these accusations he also charged new and additional high crimes, such as subornation of perjury and conspiracy to procure the miscarriage of justice, against the judge of the' superior court and the prosecuting attorney who acted in conjunction with the grand jury. Not content with that answer, respondent instituted a new and separate proceeding for the disbarment of said judge and prosecuting officer, together with another lawyer who was also connected with the former application. By petition he averred that these parties were guilty of bribe-giving and bribe-taking, subornation of perjury, conspiracy and other acts which, if true, showed that they should be convicts in the penitentiary instead of ministers in the temple of justice. This court at the pressing and earnest solicitation of the judge and district attorney assailed, investigated the truthfulness of the matters charged, upon a portion of which matters the grand jury had acted and refused to indict. On the evidence, the court found that the accusations were made without probable cause and were prompted by malice. Thereupon in view of the shocking allegations in respondent's answer and counter-petition, as well as averments of a similar character in the federal court bill, coupled with the *findings upon the evidence*, it was decided that disbarment was an appropriate penalty.

The foregoing brief résumé of the case referred to shows that it furnishes no precedent for such applications as the one now presented. It must be said to the honor of the legal profession in this state that offenses of the kind in question are comparatively rare. But if every time an attorney in any one of our numerous courts of record puts scandalous mat-

ter into a paper filed, this court upon request were to accept jurisdiction of disbarment proceedings, it is obvious that a vast amount of its time would be thus consumed to the neglect of its ordinary and more pressing duties. While not denying the right to entertain these proceedings for such offenses, we are of the opinion that our discretion should never, except under extraordinary circumstances, be favorably exercised.

In all ordinary cases of the kind in question, an adequate remedy through contempt proceedings exists in the court against which the unprofessional conduct constitutes a serious offense. That court has at its command power to apportion the penalty according to the gravity of each particular offense, which penalty may include a fine or an imprisonment, or both. And we think the honor of the profession and purity of judicial records as well as the rights of opposing attorneys and parties may in general thus be adequately maintained. We assume that, as a matter of course, trial courts will not hesitate to perform their duty in the premises; and in the future as in the past this court will as a rule decline to entertain such applications as the one now presented. The complaining parties will be left to the remedy of appropriate contempt proceedings, and actions for damages, provided such actions lie.

The application is denied.

*Application denied.*