WIGGINTON, Judge.
This appeal is from the final order of the Education Practices Commission (EPC) adopting the hearing officer’s recommended order, and denying appellant’s application for a teaching certificate. We affirm.
Appellant’s original teaching certificate was permanently revoked by the EPC in February, 1981. That order was not appealed. In March, 1983, appellant filed an application for a teaching certificate with the Department of Education. The application was denied by the department pursuant to section 231.17(6)(a), Florida Statutes. An appeal was made to the EPC pursuant to section 231.17(6)(b), and a hearing was ordered to be held. The hearing officer entered an order recommending appellant’s application be denied, concluding that the EPC did not have the authority to reissue or reinstate a teaching certificate to one whose former certificate had been permanently revoked. Specifically, the hearing officer held:
Permanent revocation of a professional license is, indeed, a harsh penalty, hopefully exercised only in the most serious of instances. In this instance, the Commission chose to impose the most severe penalty available. Prior to the imposition of that penalty, petitioner was afforded a full administrative hearing, the right to file exceptions to the Recommended Order of the Hearing Officer and the right to appeal the Final Order entered against him. That Final Order cannot now be challenged in this proceeding. Inasmuch as the Commission is statutorily authorized to deny an applicant a teaching certificate if the applicant has committed an act for which the Commission would be authorized to revoke a teaching certificate, and there is no other manner in which a permanently revoked certificate may be reissued or reinstated, petitioner’s application should be denied. (Emphasis added).
*1250 The hearing officer was correct in her perception of the legislative strictures placed on the EPC’s authority in this matter. Section 231.28(1), Florida Statutes, authorizes the EPC to take disciplinary measures by one of the following means: 1) suspension of the certificate for a period of time not to exceed three years; 2) temporary revocation of the certificate for a period of time not to exceed ten years; 3) permanent revocation; or 4) imposition of any other penalty provided by law. In the instant appeal, without challenging the statute itself, appellant urges us to adopt a beneficient interpretation of the statutory term “permanent” in order that the disciplinary measure exacted against him might endure for a period of time something short of eternity. Were we inclined to accord appellant such judicial clemency, our benevolence would nonetheless be checked by the specific legislative scheme embodied in section 231.28, clearly evidencing the legislature’s intent that “permanent” means “permanent.”
In setting forth the disciplinary measures in section 231.28(1), the legislature refers the EPC to subsection (4), which provides for reinstatement of the certificate under those circumstances when it has been suspended or temporarily revoked. Significantly, subdivision (b) provides:
A person whose teaching certificate has been revoked under this section [231.28] may apply for a new certificate at the expiration of that period of ineligibility fixed by the Education Practices Commission ... (Emphasis added).
In the instant case, since appellant’s period of ineligibility was fixed by the EPC at permanent ineligibility, we are immediately struck by the unassailable logic behind the inescapable conclusion that appellant’s right to reinstatement or even to reapplication is foreclosed.
AFFIRMED.
WENTWORTH and THOMPSON, JJ„ concur.