WIGGINTON, Judge.
Appellant appeals a final order of the Education Practices Commission (Commission) which permanently revoked appellant’s teaching certificate pursuant to section 231.28, Florida Statutes. We affirm.
On March 8, 1983, while employed by the School Board of Broward County as a teacher at Pompano Beach Elementary School, appellant was criminally charged with eight counts of indecent assault upon several male children, in violation of section 800.04, Florida Statutes. On April 21, 1983, upon entering a plea of guilty to the eight counts, appellant was sentenced to ten years probation.
As a result of the allegations giving rise to the above charges and convictions, the State of Florida, Department of Education (Department), notified appellant by certified mail on February 1, 1983, that a complaint had been filed against him with the Department regarding his alleged sexual misconduct with male students. The letter informed him that an informal conference had been scheduled on the matter.
On February 14, appellant’s attorney advised the Department by letter that appellant would surrender his teaching certificate due to the fact that he had been severely injured in an automobile accident and the nature of his injuries and impairment “will likely foreclose him from being able to perform customary teaching responsibilities.” On March 16, Ralph Tur-lington, as Commissioner of Education for the Department, filed an administrative complaint with the Commission alleging that on several occasions appellant had engaged in obscene and homosexual conduct with eight male students and he thereby recommended that the Commission take disciplinary action against appellant. On March 22, appellant moved the Commission to dismiss the administrative complaint on the ground that his prior surrender of his teaching certificate divested the Commission of subject matter jurisdiction and left the Commission without authority to entertain the administrative complaint. On April 4, the Department, by letter to appellant’s attorney, returned appellant’s certificate with the statement that an administrative hearing was pending before the Commission regarding appellant and that if appellant wished to surrender his certificate, he would have to submit it to the Commission pursuant to rule 6B-11.04(a), Florida Administrative Code. That rule provides for the voluntary surrender of a teaching certificate by its holder after the filing of an administrative complaint, but such surrender constitutes an admission of the material facts alleged in the complaint and requires the Commission to enter “an ap *559 propriate order” regarding the circumstances of the surrender of the certificate.
On May 11, 1983, the Commission denied appellant’s March 22 motion to dismiss the complaint, stating that it had no authority to override the Commissioner of Education on the question of surrender of a teaching certificate. Appellant thereafter petitioned this Court for issuance of a writ of prohibition restraining the Commission from continuing to exercise jurisdiction over the proceedings begun by the administrative complaint. On June 30, 1983, this Court entered an order denying appellant’s petition. On March 13, 1984, the Commission entered its final order, adopting as its findings of fact a stipulation entered into between appellant and the Department wherein appellant admitted the allegations of misconduct set forth in the administrative complaint. Thereupon, the Commission permanently revoked appellant’s teaching certificate.
Appellant’s primary argument on appeal revolves around the question of whether the Department has the power to reject the surrender of a teaching certificate by its holder. Appellant argues that the Department does not have the power to reject the unconditional surrender of a teaching certificate by its holder and, in the absence of that power, the Commission in this case erred in denying appellant’s motion to dismiss the Department’s administrative complaint since it had been divested of its subject matter jurisdiction by virtue of appellant’s surrender of his teaching certificate.
We reject appellant’s argument on two grounds. First, contrary to his contention, appellant’s surrender of his certificate was not “unconditional” but was a surrender on the singular ground that he was physically unable to remain in the teaching profession at this particular time. A mere surrender of a certificate does not subject the holder thereof to the strictures of a permanent revocation under section 231.28(1), Florida Statutes. According to that statute, when a certificate is permanently revoked, a teacher may not ever again exercise the right to apply to be reinstated as a teaching certificate holder in the State of Florida. Longenecker v. Turlington, 464 So.2d 1249 (Fla. 1st DCA 1985); section 231.-28(4)(b), Florida Statutes.
Secondly, inherent in the Department’s power to set forth the terms and conditions of the issuance of teaching certificates within the parameters and guidelines of section 231.17, Florida Statutes, is the implied power to govern the terms and conditions under which a certificate may be altered by the holder thereof. Compare State Board of Education v. Nelson, 372 So.2d 114 (Fla. 1st DCA 1979) in which, in construing a similar statute, the court declared:
[T]he power to issue certificates in this instance carries with it the power to specify the terms and conditions of their issuance, as well as the terms and conditions upon which the same may be held by the employee, or revoked by the board.
The court reiterated:
The power to issue a certificate, in keeping with the broad objectives to be accomplished by these legislative enactments, necessarily and by fair implication includes the authority to specify the conditions under which such certificates shall be held and revoked.
Compare also this Court’s decision in Boedy v. Department of Professional Regulation, 433 So.2d 544 (Fla. 1st DCA 1983), in which the court refused to allow a doctor to place his medical license in an inactive status and thereby immunize himself from prosecution “while evidence is lost, witnesses disappear and memory is eradicated.”
The decision of the Commission is affirmed.
WENTWORTH and THOMPSON, JJ., concur.