536 So.2d 1094 (1988)
DEPARTMENT OF PROFESSIONAL REGULATION, FLORIDA STATE BOARD OF MEDICINE, Appellant,
v.
Roger Marrero, M.D., Appellee.
No. 87-1285.
District Court of Appeal of Florida, First District.
November 18, 1988.
Robert A. Butterworth, Atty. Gen. and M. Catherine Lannon, Asst. Atty. Gen., Tallahassee, for appellant.
Michael I. Schwartz, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Department of Professional Regulation, Florida State Board of Medicine (Board), appeals from a final order of the Leon County Circuit Court, permanently enjoining the Board from proceeding further on the application of appellee, Dr. Roger Marrero, seeking licensure, and from disallowing Dr. Marrero to withdraw his application. We reverse the circuit court's order on the ground that Dr. Marrero had an adequate and available administrative remedy, and remand with directions that the complaint be dismissed.
Dr. Roger Marrero applied to the Board for licensing as a medical doctor. At his appearance before the Board on August 3, 1986, certain questions were raised relating to evaluations that were both favorable and unfavorable, as well as questions regarding personality problems that had appeared on the evaluations. Dr. Marrero informed the Board that he was currently on leave from a residency program at Jackson Memorial Hospital because of family problems, but denied suffering from any medical or psychiatric conditions. The Board suggested that Dr. Marrero supply psychiatric evaluations *1095 and asked him to make a second appearance at its next scheduled meeting in October. Before that meeting, he accepted employment in Pennsylvania, where he was already licensed to practice medicine; consequently he did not attend the October meeting, and the matter was continued to the Board's December meeting. Before the December meeting, however, Marrero's attorney informed the Board by letter that because of his client's employment responsibilities, he would be unable to attend the scheduled meeting and requested the Board to delay consideration of the application until February. The Board responded that if Marrero failed to attend the February meeting, his application would be denied.
Shortly before the February conference, Dr. Marrero informed the Board by letter that he was withdrawing his application, stating that his current obligations would not allow him to attend the meeting, and that he intended to reapply in the future when he had fewer time constraints. Dr. Marrero's attorney thereafter requested, because his client had voluntarily withdrawn his application, that the matter be removed from the February agenda. The Board declined to do so and voted to deny his application, but retained jurisdiction to consider the application at its next meeting, when the denial would become final unless Dr. Marrero then chose to appear in person.
Rather than appear before the Board in compliance with its directions, or request an administrative hearing, Dr. Marrero instead filed a complaint in circuit court, seeking to enjoin the Board from taking further action on his application. The Board moved to dismiss the complaint, on the theory that the physician had failed to exhaust his administrative remedies. The court denied the motion and entered an order permanently enjoining the Board from taking any action on Dr. Marrero's application for licensure, on the grounds that the Board had neither been conferred any explicit powers to so act, nor was any such power reasonably implied from those granted. It is from this order that the Board appeals.
Our court has committed itself to the following test for determining whether an administrative forum may be bypassed once an issue has been raised challenging an agency's jurisdiction to take certain action:
When an agency acts without colorable statutory authority that is clearly in excess of its delegated powers, a party is not required to exhaust administrative remedies before seeking judicial relief. A finding of lack of colorable statutory authority provides the necessary limitation on this exception to the requirement of exhaustion of administrative remedies. A jurisdictional claim which has apparent merit, or one which depends upon factual determination in most instances requires exhaustion of administrative remedies before resort to judicial forum.
State of Florida, Dep't of Envtl. Regulation v. Falls Chase Special Taxing Dist., 424 So.2d 787, 796-97 (Fla. 1st DCA 1982), rev. denied, 436 So.2d 98 (1983) (emphasis in original) (footnotes omitted). In formulating the above rule, we drew upon the comments of various administrative law scholars and opinions of federal and out-of-state cases. See, e.g., 3 K. Davis, Administrative Law Treatise 69 (1958); B. Schwartz, Administrative Law 510, 511 (1976); 2 F. Cooper, State Administrative Law 577 (1965); McKart v. United States, 395 U.S. 185, 194, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194, 203 (1969) ("The courts ordinarily should not interfere with an agency until it has completed its action, or else has clearly exceeded its jurisdiction."); Lone Star Cement Corp. v. Fed. Trade Comm'n, 339 F.2d 505, 511 (9th Cir.1964) (exhaustion required where jurisdictional issue "not free from doubt"); In re Cadillac Brewing Co., 102 F.2d 369, 370 (6th Cir.1939) (colorable claim for the purpose of invoking jurisdiction is one which preliminarily shows that it is not "so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color or merit and a mere pretense").
Applying the Falls Chase test to resolve the issue at bar, we cannot say, from the record before us, that the Board acted *1096 without colorable statutory authority which was clearly in excess of its implicitly or reasonably delegated powers. We therefore conclude that the agency should be allowed to make the initial decision regarding the merits of the jurisdictional issue. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 49-50, 58 S.Ct. 459, 462-463, 82 L.Ed. 638, 643 (1938); Jacksonville Maritime Ass'n, Inc. v. City of Jacksonville, 551 F. Supp. 1130, 1137 (M.D.Fla. 1982); Blue Ribbon Quality Meats, Inc. v. Fed. Trade Comm'n, 434 F. Supp. 159, 163 (W.D.Mo. 1976), aff'd., 560 F.2d 874 (8th Cir.1977). In fact, the Fifth District Court of Appeal, in Lambert v. Rogers, 454 So.2d 672 (Fla. 5th DCA 1984), followed the above rule in requiring compliance with the exhaustion doctrine, thereby allowing a school board  rather than a court  to make the initial determination of the length of a school principal's contract.
Dr. Marrero argues, however, that once he advised the Board that he was withdrawing his application for licensure, such action had the effect of voluntarily dismissing the application; accordingly, he contends, the Board was thereafter without jurisdiction to act further on the application. There is a body of case law supporting appellant's contention. See, e.g., Middlebrooks v. St. Johns River Water Management Dist., 529 So.2d 1167 (Fla. 5th DCA 1988); RHPC, Inc. v. Dep't of Health and Rehabilitative Services, 509 So.2d 1267 (Fla. 1st DCA 1987); Humana of Florida, Inc. v. Dep't of Health and Rehabilitative Services, 500 So.2d 186 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (1987). These cases, however, are not controlling as applied to the instant case and must be considered in the context of their own particular facts. Florida Rule of Civil Procedure 1.420, relating to the procedure for voluntarily dismissing a civil claim, is not made expressly applicable to administrative proceedings by Chapter 120, Florida Statutes, nor has any rule of the Board been cited which so provides. It is well recognized that the powers of all administrative agencies are measured and limited by the statutes or acts expressly granting the agencies their powers, or by those powers implicitly conferred. See Florida Dep't of Corrections v. Provin, 515 So.2d 302 (Fla. 1st DCA 1987); Hall v. Career Serv. Comm'n, 478 So.2d 1111 (Fla. 1st DCA 1985).
In Middlebrooks, the particular power of the agency, the St. Johns River Water Management District, to apply Rule 1.420 to its own administrative proceedings was reasonably implied from the agency's rule, Florida Administrative Code Rule 40C-1.081(7), making the Florida Rules of Civil Procedure applicable to administrative proceedings to the extent that they were not inconsistent with Chapter 120, Florida Statutes. Again, in RHPC, Inc. and Humana of Florida, Inc., the Department of Health and Rehabilitative Services determined, following its examination of Section 381.494(8), Florida Statutes (1985), outlining the agency's duties and responsibilities in considering applications for certificates of need, that its powers did not extend to consider further such applications once they were withdrawn, and that following their withdrawal, any proceeding on such application is absolutely terminated.
The distinction between the facts in the above cases and those at bar is obvious: There the decisions regarding the scope of the agencies' powers were made in an administrative setting; here, however, a circuit court judge, an official not involved in the policy-making operations of the agency, has made the initial determination regarding whether the agency retains jurisdiction to take further action on an application once the applicant has notified the agency of his decision to withdraw it. We conclude that the Board should be permitted to decide, after a fully developed hearing, whether it possesses the requisite authority to deny the application for licensure, particularly in view of the meager record before us conducted at the trial level. We decline to accept the record of such a proceeding as a valid substitute for that taken at an administrative hearing when the issue of an agency's jurisdiction is not clearly free from doubt. Among other things, we have no final administrative order exposing and elucidating the agency's reasons for the *1097 discretionary action taken, which we consider to be essential before a reviewing court may reach an informed opinion in deciding the question at hand.
By permitting the disputed issue to proceed in an administrative forum, a court advances one of the primary purposes behind the adoption of the Administrative Procedure Act: the "judicial freshening of the doctrines of primary jurisdiction and exhaustion of remedies, and greater judicial deference to the legislative scheme." State ex rel. Dep't of Gen. Services v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977). The Act's arsenal of remedies for administrative error is, as observed in Willis, "varied and abundant." Id. For example, if disputed factual issues are involved, Dr. Marrero's proper course would be to seek a hearing under Section 120.57(1), Florida Statutes, expressly providing that its provisions apply in all proceedings  with a few limited exceptions that are not pertinent to the present case  where the substantial interests of a party are determined by an agency. Accordingly, upon the Board's initial denial of Dr. Marrero's application, he could have requested a hearing, as provided by that statute.
If, on the other hand, no disputed factual issues are involved, Dr. Marrero has the option of seeking an informal 120.57(2) hearing. Alternatively, if the only issue is one of law as to whether the action taken is reasonably implied from those powers specifically delegated, he could petition the agency for a declaratory statement pursuant to Section 120.565, Florida Statutes, directing the agency to issue a declaratory statement in order to "set out the agency's opinion as to the applicability of a specified statutory provision or of any rule or order of the agency as it applies to the petitioner in his particular set of circumstances only."
By requiring resort to available and adequate administrative remedies, the agency itself is aided in making a considered and informed opinion as to the scope of its implied powers. Such recourse also immeasurably aids an appellate court in its deliberations concerning whether the policy decision reached was "within the agency's delegated discretion." § 120.68(7), Fla. Stat. As we observed in McDonald v. Dep't of Banking and Fin., 346 So.2d 569, 583 (Fla. 1st DCA 1977):
Judicial review proceedings under Section 120.68 similarly press for crystalization (sic) of agency discretion. The court's responsibility is to allow the agency full statutory range for its putative expertise and specialized experience. But, to the extent that agency action depends on nonrule policy, Section 120.68 requires its exposition as a credential of that expertise and experience... . The final order must display the agency's rationale. It must address countervailing arguments developed in the record and urged by a hearing officer's recommended findings and conclusions or by a party's written challenge of agency rationale in informal proceedings, or by proposed findings submitted to the agency by a party.
We glean imperfectly, from the briefs submitted by the parties, some of the policy reasons that the Board contends would validate the action taken. For example, the Board's arguments rely upon statutes granting it general regulatory powers, including Section 458.301, Florida Statutes (Supp. 1986), setting forth the legislative purpose "to ensure that every physician practicing in this state meet minimum requirements for safe practice," and section 458.331(3), forbidding the Board from issuing a license "to a person it deems or has deemed unqualified, until such time as it is satisfied ... that such person is capable of safely engaging in the practice of medicine."
In support of its argument that the Board's authority to deny withdrawal of an application under such circumstances is necessarily implied from its general grant of licensing power, the Board cites Astral Liquors, Inc. v. Dep't of Business Regulation, 463 So.2d 1130, 1132 (Fla. 1985), recognizing as an exception to the doctrine of nondelegation of powers,[1] the right of the *1098 legislature to delegate without specifically detailing standards, if the subject of the regulatory statutes relates to licensing and the fitness of the applicant to be licensed, and the discretion conferred is "sufficiently governed by legislative standards as to constitute a judicially reviewable discretion." See also Florida Waterworks Ass'n v. Florida Pub. Serv. Comm'n, 473 So.2d 237, 245 (Fla. 1st DCA 1985); Solimena v. State of Florida, Dep't of Business Regulation, Div. of Pari-Mutuel Wagering, 402 So.2d 1240, 1245 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 470 (1982).
By comparison, this court observed in State Bd. of Educ. v. Nelson, 372 So.2d 114, 116 (Fla. 1st DCA 1979): "The power to issue a [teaching] certificate, in keeping with the broad objectives to be accomplished by these legislative enactments, necessarily and by fair implication includes the authority to specify the conditions under which such certificates shall be held and revoked." (Emphasis supplied.) Cf. also Couch v. Turlington, 465 So.2d 557 (Fla. 1st DCA 1985) (Department of Education's delegation of express power authorizing it to set forth the terms and conditions by which a certificate may be issued includes as well the necessarily implied power of denying the holder of a teaching certificate his offer to surrender the same); Boedy v. Dep't of Professional Regulation, 433 So.2d 544 (Fla. 1st DCA 1983) (the voluntary deactivation of a medical license by a licensee did not divest the board of jurisdiction from prosecuting the licensee for alleged violations of Chapter 458).
Whether the above authorities persuasively support the Board's position that it possesses the implied power to take the action proposed, we refuse to say at this juncture. We consider it enough to say that those authorities undergird the simple conclusion that the Board did not act without colorable statutory authority that was clearly in excess of its delegated powers. Consequently, Dr. Marrero must pursue his administrative remedies.
Dr. Marrero contends, however, that the available administrative remedies are inadequate because, if he is forced to follow administrative avenues, he would suffer irreparable harm, in that during the pendency of an adverse order on review he would have to report such decision on every subsequent professional application, which would result in a cloud being placed upon his credentials. We cannot agree. If he had prevailed at the administrative level, his record would not be clouded and he could continue to practice or seek licensure wherever he wished. In the event that the Board made a final administrative determination that was unfavorable to him, he could apply for a stay of the order, pursuant to section 120.68(3), pending judicial review of the final agency decision. Because an adequate remedy exists and Dr. Marrero has failed to show irreparable harm, we conclude that the circuit court erred in refusing to dismiss the complaint for injunctive relief.
REVERSED and REMANDED for consistent proceedings.
JOANOS and NIMMONS, JJ., concur.
NOTES
[1] The doctrine requires the legislature to provide specific legislative guidelines when delegating discretion to any agency.