WENTWORTH, Judge.
Appellant Department of Environmental Regulation (DER) seeks review of an order entered by appellee Public Employees Relations Commission (PERC) which determined that DER had failed to give appellee Letchworth a “veterans preference” in employment. We affirm, finding that PERC was not divested of jurisdiction by receipt of Letchworth’s letter stating “I cannot afford legal representation, therefore I am forced to withdraw my appeal.” PERC settlement counsel responded with a letter which stated that “Commission rules specifically provide that a complainant may represent himself at hearing.... I have requested that the Commission not act on *968 your withdrawal until after August 25.” PERC subsequently entered an order continuing the hearing and reciting a telephone contact from Letchworth which “requested a retraction of his withdrawal.”
As to the jurisdictional argument, the PERC hearing officer determined that a notice of withdrawal does not become effective until PERC issues an order closing the case. The hearing officer further determined that Letchworth mistakenly believed that he could not proceed without an attorney. Indicating that Letchworth was thereafter “correctly informed” by PERC’s settlement attorney, the hearing officer found that PERC was not divested of jurisdiction.
In Department of Professional Regulation v. Marrero, 536 So.2d 1094 (Fla. 1st DCA 1988), without fully resolving the matter this court concluded that an agency had at least “colorable” authority to deny the withdrawal of an application under its general regulatory power. While DER notes that in DOAH v. DOT, 534 So.2d 1219 (Fla. 1st DCA 1988), the court indicated that an administrative rule which allowed the hearing officer to consider a request for voluntary dismissal, and permit such dismissal if “just and proper,” was an invalid exercise of delegated authority, this determination was based upon the hearing officer’s “unbridled discretion” rather than the scope of the agency’s authority to require approval of dismissal requests. PERC’s actions in the present case are consistent with a legitimate concern for Letchworth’s rights, insofar as PERC responded to Letchworth’s withdrawal letter by correcting the apparent misapprehension that Letchworth’s claim could not proceed without the assistance of counsel.
While PERC has not adopted a formal rule addressing this issue in the context of veterans preference appeals under chapter 38D-25, F.A.C., such rules have been adopted in the context of other employment disputes. See Rules 38D-21.007 and 38D-17.012, F.A.C. The absence of a similar provision with regard to veterans preference cases should not preclude a similar approach in such cases. McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977). DER has neither shown nor claimed any prejudice with regard to the absence of a formal rule.
Affirmed.
BOOTH and MINER, JJ., concur.