In re Michael H. SNEED, BPR No. 11141, An Attorney Licensed to Practice Law in Tennessee (Davidson County).

Supreme Court of Tennessee, at Nashville.

Jan. 5, 2010 Session Heard at Knoxville.

Jan. 26, 2010.

## ORDER

By Order of Enforcement entered by this Court on February 24, 2009, Michael H. Sneed was suspended from the practice of law for a period of eighteen months. This matter is before the Court upon a Petition for Order of Criminal Contempt filed on June 25, 2009, and a Supplemental Petition for Order of Criminal Contempt filed on July 24, 2009, against Mr. Sneed by the Board of Professional Responsibility of the Supreme Court of Tennessee ("Board"). The Petition and Supplemental Petition filed by the Board allege that Mr. Sneed willfully violated this Court's February 24, 2009 order because he failed to cease practicing law and failed to notify his

clients, co-counsel, and opposing lawyers, of his suspension as required by Tennessee Supreme Court Rule 9, section 18.1. The Board further claimed that Mr. Sneed failed to withdraw from his pending cases as required by section 18.6, continued to practice law after the effective date of his suspension in violation of section 18.5, continued to accept new clients in violation of section 18.7, failed to remove indicia of being a lawyer as required by section 18.7, and failed to file an affidavit with the Board demonstrating compliance with the ethical rules applicable to suspended lawyers as required by section 18.8.

This Court appointed Barbara J. Moss to serve as Special Master, directed the Special Master to serve Mr. Sneed with notice of a criminal contempt hearing, instructed the Special Master to conduct an evidentiary hearing on the Board's petitions, and directed the Special Master, upon completion of the hearing, to transmit the record of the proceedings and a report of findings of fact and conclusions of law to this Court.

A Show Cause Order and Amended Show Cause Order were properly served. The hearing before the Special Master occurred on September 28, 2009, and on November 18, 2009, the Special Master filed with this Court a report of her findings of fact and conclusions of law. The Special Master concluded that the evidence proved beyond a reasonable doubt that Mr. Sneed willfully committed multiple acts of criminal contempt by continuing to practice law and holding himself out to the public and to the courts as a licensed attorney. *See* Tenn.Code Ann. § 29–9–102(3) (2000).[1]  Specifically, the Special

Master found that Mr. Sneed committed fifty separate acts of criminal contempt arising out of his failure to comply with the notice requirements imposed upon suspended lawyers, his failure to withdraw from pending cases, his undertaking of new cases, his failure to remove all indicia that he was licensed, and his making misrepresentations to courts concerning the status of his law license. The Special Master was "especially concerned" that Mr. Sneed "took money from vulnerable people promising legal services that he could not deliver." The Special Master concluded that, given Mr. Sneed's "repeated and egregious conduct," he should be sentenced to the maximum permitted by Tennessee Code Annotated section 29–9–103 (2000) which, in this case, is a fine of $2,500 and 500 days imprisonment.

Following the filing of the Special Master's report, this Court ordered Mr. Sneed to appear before this Court on January 5, 2010, and show cause why he should not be found in contempt of this Court's February 24, 2009 order of enforcement and sentenced in accordance with the Special Master's report. Disciplinary Counsel was likewise ordered to appear and present argument on behalf of the Board. Mr. Sneed filed a brief and the parties appeared before this Court on January 5, 2010, in the Supreme Court Building in Knoxville and presented their respective arguments.

Prior to oral argument, the Board filed a Motion to Strike the Brief of Michael H. Sneed on the grounds that the matters addressed therein were irrelevant to the issues currently before the Court and that it failed to comply with the instructions set

---

1. Criminal acts are deemed to be "willful" when the person "acts intentionally with respect to the nature of the conduct ... when it is the person's conscious objective or desire to engage in the conduct...." Tenn.Code Ann.

§ 39–11–302(a) (2006); *see State v. Electroplating, Inc.,* 990 S.W.2d 211, 221 n. 9 (Tenn. Crim.App.1998) (noting the equivalence of "willful" with "intentional" as defined in Tennessee Code Annotated section 39–11–302(a)).

forth in the Court's December 1, 2009 order. Although the Court is inclined to agree with the Board's recitation, having the brief remain in the record is the best way to evidence its deficiencies. Therefore, the Motion to Strike the Brief of Michael H. Sneed is denied.

■ Having carefully considered the arguments of the parties and the entire record, this Court hereby accepts the Special Master's findings of fact and conclusions of law as outlined in detail in the report filed in this Court on November 18, 2009. The report, with attachments, is accepted and made part of this Order as Appendix A. In accepting the Special Master's report, we find that all of the procedural requirements of Tennessee Rule of Criminal Procedure 42 have been satisfied. Mr. Sneed makes no argument to the contrary, either in this Court or in the proceeding below. Moreover, we observe that Mr. Sneed has not challenged any of the factual findings contained in the Special Master's report, including the sufficiency of the evidence or the number of counts of contempt. Indeed, at oral argument, Mr. Sneed readily acknowledged that he knowingly (and therefore willfully) committed all the acts found by the Special Master. He challenges the finding of willfulness only because he contends that the Court's February 24, 2009 Order is invalid, notwithstanding this Court's previous review and rejections of that claim. This Court has nonetheless reviewed the record and finds that it fully supports the Special Master's findings of fact and conclusions of law as to the willfulness of each of the fifty counts of contempt alleged. Mr. Sneed is guilty of each of the alleged counts of contempt.

Having found Mr. Sneed guilty of fifty counts of contempt, we must determine his punishment. As we have noted:

The power to punish for contempt has long been regarded as essential to the protection and existence of the courts and the proper administration of justice. At common law, the contempt power was broad and undefined. Concerned about the potential abuse of this power, the Tennessee General Assembly, like its counterparts in other states, enacted statutes to define and limit the courts' power to punish for contempt. As a result, the courts' contempt power is now purely statutory.

Tenn.Code Ann. § 16–1–103 (1994) currently provides that "[f]or the effectual exercise of its powers, every court is vested with the power to punish for contempt, as provided for in this code." To give effect to this power, Tenn.Code Ann. §§ 29–9–101 to –108 (2000) further define the scope of the contempt power and the punishment and remedies for contemptuous acts. Of particular relevance to this case, Tenn.Code Ann. § 29–9–102(3) specifically empowers the courts to use their contempt powers in circumstances involving "[t]he willful disobedience or resistance of any officer of the such courts … to any lawful writ, process, order, rule, decree, or command of such courts." This provision enables the courts to maintain the integrity of their orders.

*Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 354 (Tenn.2008) (citations and footnotes omitted).

■ Criminal contempt should be imposed in appropriate cases "when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice." *Robinson v. Air Draulics Eng'g Co.*, 214 Tenn. 30, 377 S.W.2d 908, 912 (1964). Thus, sanctions imposed for criminal contempt generally are both punitive and unconditional. *Black v. Blount,*

938 S.W.2d 394, 398 (Tenn.1996). Tennessee Code Annotated section 29–9–103(b) provides that the punishment for each act of contempt may be a fine not to exceed fifty dollars and a sentence not to exceed ten days.

This Court takes seriously its obligation to supervise and regulate the practice of law in this state. *See Maddux v. Bd. of Prof'l Responsibility*, 288 S.W.3d 340, 343 (Tenn.2009). It is beyond dispute that an attorney who knowingly disregards this Court's inherent authority to regulate the legal profession by ignoring an order of suspension, as is the case here, undermines the protection of the public and the preservation of the public's confidence in the legal system. Indeed, a lawyer's blatant disregard of an order of this Court, or any court for that matter, represents a serious affront to both the legal profession and the administration of justice. In our view, Mr. Sneed's egregious disregard of this Court's suspension order and the rules that govern the practice of law is the type of conduct that adds to the unfortunate cynicism about lawyers and encourages disrespect for and noncompliance with court orders, a clearly untenable situation that does great harm to the public, the legal system, the profession of law, and the dignity of the courts.

This Court has previously observed that "criminal contempt is generally regarded as a crime." *Black*, 938 S.W.2d at 402. Because it is punishable by confinement of less than one year, we consider it a misdemeanor for sentencing purposes. *See* Tenn.Code Ann. § 39–11–110 (2006); *but see State v. Wood*, 91 S.W.3d 769, 776 (Tenn.Ct.App.2002) (holding inapplicable to a criminal contempt conviction arising from a civil matter that portion of the misdemeanor sentencing provision requiring the trial court to fix a percentage of the sentence to serve, and that statutory provision allowing a misdemeanant to earn good time credits). We therefore look to the Tennessee Criminal Sentencing Reform Act of 1989, Tenn.Code Ann. §§ 40–35–101 through –505 (2006), for guidance.

■ As set forth above, Tennessee Code Annotated section 29–9–103(b) authorizes a sentence of up to ten days for each of Mr. Sneed's contempt convictions. Our intermediate appellate courts have upheld the maximum ten-day sentence upon a single instance of criminal contempt. *See Frye v. Frye*, 80 S.W.3d 15, 17, 19 (Tenn.Ct.App. 2002); *State v. Ramos*, No. M2007–01766–CCA–R3–CD, 2009 WL 890877, at *8 (Tenn.Crim.App. Apr.2, 2009). Given the seriousness of the contempts in this matter, and the deliberate manner in which they were committed, we have determined that a ten-day sentence on each of Mr. Sneed's fifty contempt convictions is appropriate.

■ We must next determine the manner in which Mr. Sneed shall serve his multiple sentences. If a defendant is convicted of more than one offense, the sentencing court must determine whether the sentences run consecutively or concurrently to one another. Tenn.Code Ann. § 40–35–115(a). We may order Mr. Sneed's sentences to run consecutively if we find by a preponderance of the evidence that certain criteria enumerated in Tennessee Code Annotated section 40–35–115(b) are present. Among the relevant criteria supporting consecutive sentencing are: (1) "[t]he defendant is an offender whose record of criminal activity is extensive"; and (2) "[t]he defendant is [being] sentenced for criminal contempt." Tenn.Code Ann. § 40–35–115(b)(2), (7). Although statutory criteria may support the imposition of consecutive sentences, the overall length of the sentence must be "justly deserved in relation to the seriousness of the offense[s]," Tenn.Code Ann. § 40–35–102(1),

and "no greater than that deserved" under the circumstances, *id.* at § 40–35–103(2). *See also State v. Lane,* 3 S.W.3d 456, 460 (Tenn.1999). The decision to impose concurrent or consecutive sentences is a matter entrusted to the sound discretion of the sentencing court. *State v. Nelson,* 275 S.W.3d 851, 870 (Tenn.Crim.App.2008).

█ Our appellate courts have previously upheld partial consecutive sentencing for a defendant with no prior criminal record who was convicted of eight crimes in a single trial based on the fact that the defendant's record of criminal activity was extensive. *State v. Cummings,* 868 S.W.2d 661, 664, 667 (Tenn.Crim.App. 1992). Based on the flagrant nature of Mr. Sneed's violations of this Court's previous order, and the sheer number of acts of contempt he committed, the record clearly supports the finding that he is an offender whose record of criminal activity is extensive. Furthermore, because each of the offenses of which he stands convicted is criminal contempt, he automatically qualifies for consecutive sentencing as to all counts. Absent the existence of other considerations, this Court would be inclined to run all fifty sentences consecutive to one another, for a total sentence of 500 days. *See, e.g., Sliger v. Sliger,* 181 S.W.3d 684, 686–87, 692 (Tenn.Ct.App. 2005) (affirming fifty-two consecutive ten-day sentences for multiple criminal contempts). However, by separate opinion and order entered contemporaneously with this Order, and based on charges completely separate from these, Mr. Sneed is today being disbarred from the practice of law in Tennessee. The loss of one's professional license is the most serious professional penalty that one can suffer. *See, e.g., Longenecker v. Turlington,* 464 So.2d 1249, 1249 (Fla.Ct.App.1985) (acknowledging hearing officer's recitation that "[p]ermanent revocation of a professional

license is, indeed, a harsh penalty, hopefully exercised only in the most serious of instances"); *People ex rel. Thomas v. Berry,* 17 Colo. 322, 29 P. 904, 904 (1892) (recognizing that "the revocation of an attorney's license to practice law is a severe penalty"). Therefore, keeping in mind the limitation of the sentencing statutes that the total punishment must be no greater than that deserved under the circumstances, we are persuaded that a shorter effective sentence is appropriate.

We therefore look to the nature of the fifty separate offenses of which Mr. Sneed stands convicted. We find that they fall into five general categories of misconduct under Supreme Court Rule 9:

(1) Failure to give notice of his suspension as required by section 18.1 (Counts 1, 2, 3);

(2) Failure to withdraw from pending lawsuits as required by section 18.6 (Count 4);

(3) Prohibition against soliciting or taking new clients as required by section 18.7 (Counts 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22);

(4) Continuing to practice law after effective date of the suspension as prohibited by section 18.5 (Counts 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39); and

(5) Failing to remove indicia of being a lawyer, as required by section 18.7 (Counts 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50).

Additionally, the Master found Mr. Sneed guilty of one count (23) of failing to file the required affidavit with the Board as required by section 18.8. She also found that Mr. Sneed made a knowing and willful misrepresentation to Judge Lawrence Berman of the Immigration Court that his license was not suspended.

After carefully considering all applicable sentencing considerations, we hold that Mr. Sneed's ten-day sentences should be run partially concurrent and partially consecutive to one another. Counts 1, 2, and 3 will run concurrent to each other, but consecutive to the groups announced below. Count 4 will run consecutive to Counts 1–3, and to each of the groups announced below. Counts 5–22 will run concurrent to one another, but consecutive to Counts 1–3, Count 4, Counts 24–39, and Counts 40–50. Counts 24–39 will run concurrent to each other, but consecutive to Counts 1–3, Count 4, Counts 5–22, and Counts 40–50. Counts 40–50 will run concurrent to one another, but consecutive to Counts 1–3, Count 4, Counts 5–22, and Counts 24–39. Count 23 will run concurrent to Count 1. The total effective sentence to be served is fifty days. Mr. Sneed shall surrender himself to the Davidson County Sheriff's Department within fifteen days of the filing date of this Order to begin service of this sentence.

Based upon the foregoing, it is hereby ORDERED that the Board's Motion to Strike the Brief of Michael H. Sneed shall be and is hereby denied.

It is further ORDERED that the Special Master's report filed in this Court on November 18, 2009, with attachments, be accepted and made a part of this Order as Appendix A. Accordingly, Mr. Sneed is hereby adjudged to be guilty of fifty counts of criminal contempt. In accordance with Tennessee Code Annotated section 29-9-103(b), Mr. Sneed is sentenced to serve ten days in the Davidson County Jail on each count. Counts 1, 2, and 3 will run concurrent to each other, but consecutive to the groups announced below. Count 4 will run consecutive to Counts 1–3, and to each of the groups announced below. Counts 5–22 will run concurrent to one another, but consecutive to Counts 1–3, Count 4, Counts 24–39, and Counts 40–50. Counts 24–39 will run concurrent to each other, but consecutive to Counts 1–3, Count 4, Counts 5–22, and Counts 40–50. Counts 40–50 will run concurrent to one another, but consecutive to Counts 1–3, Count 4, Counts 5–22, and Counts 24–39. Count 23 will run concurrent to Count 1. The total effective sentence to be served is fifty days. Mr. Sneed shall surrender himself to the Davidson County Sheriff's Department within fifteen days of the filing date of this Order.

It is further ORDERED that Mr. Sneed shall pay a $50.00 fine for each of the fifty counts of contempt, representing a total fine of $2,500.00.

It is further ORDERED that Mr. Sneed shall pay the costs and expenses of this proceeding to the Board of Professional Responsibility.

It is further ORDERED that Mr. Sneed shall pay the Clerk of this Court the costs incurred herein, for which execution may issue if necessary.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Tennessee Rule of Appellate Procedure 42, no petition for rehearing shall be entertained in this matter. The mandate shall issue immediately.

FOR THE COURT:

_____

JANICE M. HOLDER, Chief Justice

_____

CORNELIA A. CLARK, Justice

_____

GARY R. WADE, Justice

_____

WILLIAM C. KOCH, JR., Justice

_____

SHARON G. LEE, Justice