IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December17, 2013 Session

# IN RE: ANNA L. J.

**Appeal from the Juvenile Court for Williamson County**
**No. 37304      Sharon Guffee, Judge**

**No. M2013-00561-COA-R3-JV - Filed March 20, 2014**

FRANK G. CLEMENT, JR., J., concurring.

I write separately to emphasize the point that trial courts should not automatically impose the maximum sentence when consecutive sentencing is available; this is due in part to the recognition that "not every contemptuous act, or combination of contemptuous acts, justifies the imposition of a maximum sentence, particularly when consecutive sentencing is in play." *Simpkins v. Simpkins*, 374 S.W.3d 413, 422 (Tenn. Ct. App. 2012). Imposition of the maximum sentence to be served consecutively is merely an option if the facts of the case justify the absolute maximum sentence. Further, there is a presumption in favor of concurrent sentencing as distinguished from consecutive sentencing. *Id*. at 424 (citing *State v. Taylor*, 739 S.W.2d 227, 230 (Tenn. 1987) (holding that consecutive sentences should not routinely be imposed in criminal cases and the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved)).

Tenn. Code Ann. § 29-9-103 provides that the punishment for contempt may be by fine or by imprisonment, or both. Fines are limited to no more than fifty dollars, and imprisonment shall not exceed ten days. *Id*. Thus, the foregoing merely represents the maximum fine and maximum imprisonment that may be imposed. Accordingly, the mere fact someone is found guilty of criminal contempt does not, by itself, justify the imposition of the maximum sentence available, nor does it mandate that some or all of it be served concurrently or consecutively. *See In re Sneed*, 302 S.W.3d 825, 828-29 (Tenn. 2010); *see also Simpkins*, 374 S.W.3d at 425.

As our Supreme Court explained in *In re Sneed*, when sentencing for contempt of court: "Although statutory criteria may support the imposition of consecutive sentences, the overall length of the sentence must be 'justly deserved in relation to the seriousness of the offense[s]' and 'no greater than that deserved' under the circumstances." *In re Sneed*, 302

S.W.3d at 828-29. The court further noted that "partial consecutive sentencing" and concurrent sentencing may be appropriate in certain cases. *Id.* at 829 (citing *State v. Cummings*, 868 S.W.2d 661, 664, 667 (Tenn. Crim. App. 1992)). Additionally, as this court held in *Simpkins*, "not every contemptuous act, or combination of contemptuous acts, justifies the imposition of a maximum sentence, particularly when consecutive sentencing is in play." *Simpkins*, 374 S.W.3d at 425.

In *Simpkins*, the husband was found guilty of 14 counts of criminal contempt and, without specifying the reasons as Tenn. R. Crim. P. 32(c)(1) requires, the trial court imposed the absolute maximum sentence of 140 days, ten days for each count to be served consecutively. *Id.* at 417. On appeal we found the record did not justify the imposition of the maximum available sentence, all of which was to be served consecutively. *Id.* at 425. After noting the defendant was sentenced for criminal contempt, which may justify consecutive sentencing, at least in part, we reasoned:

> [T]his factor [Tenn. Code Ann. § 40-35-115(b)(7)] alone does not justify the imposition of the absolute maximum sentence of 140 days [ten days for each of 14 counts]. As we noted above, "[a]lthough statutory criteria may support the imposition of consecutive sentences, the overall length of the sentence must be 'justly deserved in relation to the seriousness of the offense[s],' and 'no greater than that deserved' under the circumstances." *In re Sneed*, 302 S.W.3d at 828 (internal citations omitted).

*Simpkins*, 374 S.W.3d at 425.

We further reasoned:

> Although the record clearly established Husband's guilt of all fourteen counts of criminal contempt, that fact alone does not justify the imposition of the maximum sentence of ten days for each conviction or that all of the sentences run consecutively to each other for an effective period of confinement of 140 days. To the contrary, there is a presumption in favor of concurrent sentencing as distinguished from consecutive sentencing. *See State v. Taylor*, 739 S.W.2d 227, 230 (Tenn. 1987) (holding that consecutive sentences should not routinely be imposed in criminal cases and the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved). Further, the record suggests the trial court did not consider the statutory criteria when determining whether Husband's multiple sentences should be served concurrently or consecutively. *See* Tenn. Code Ann. § 40-35-115(a) ("If a defendant is convicted of more than one (1) criminal offense, the court shall

order sentences to run consecutively or concurrently as provided by the criteria in this section.").

*Id*.

Applying the foregoing principles and reasoning, we modified the sentence imposed on Mr. Simpkins as follows:

> The sentences imposed for the ten withdrawals against the line of credit are reduced to four (4) days each, which will run consecutive to each other. The sentences imposed for failing to pay pendente lite support and the 2009 property taxes are reduced to four (4) days each, which will run consecutive to each other and consecutive to the ten counts above. The sentences imposed for the remaining two counts are reduced to one (1) day each, which will run concurrent to each other but consecutive to the other twelve counts. The total effective sentence to be served is forty-nine (49) days. On remand, the trial court shall set the date for Husband to report to jail to serve his sentence.

*Id*. at 426.

As noted in *Simpkins*, this court could modify the sentence without remand; nevertheless, I fully concur with the majority's decision to remand this matter to the trial court for reconsideration of the sentence to be imposed based on the particular facts of this case, and the principles stated in Tenn. Code Ann. § 40-35-115(b), *In re Sneed*, *Simpkins*, *Cummins*, and *Taylor*.

_____
FRANK G. CLEMENT, JR., JUDGE