PER CURIAM.
Plaintiffs’ amended complaint alleges that they were injured as a result of drag racing on a municipal street. The thrust of their complaint against the city was that the city’s failure to enforce laws and ordinances caused their injuries. The trial court dismissed their complaint, and they appeal. We affirm.
Basic to recovery in tort is the establishment of a duty. The plaintiffs here have failed to allege that crucial element. Law enforcement’s duty to protect citizens is a general one owed to the community at large and not to a specific individual. A government entity has the discretionary power to enforce compliance of laws by methods it determines appropriate. The assumption that a particular form of city action might have prevented injury to the plaintiffs does not establish the common-law duty required to hold the city liable. Trianon Park Condominium Ass’n v. City of Hialeah, 468 So.2d 912, 919 (Fla.1985); Everton v. Willard, 468 So.2d 936, 938 (Fla.1985); Carter v. City of Stuart, 468 So.2d 955, 957 (Fla.1985). As we explained in Neumann v. Davis Water and Waste, Inc., 433 So.2d 559, 563 (Fla.2d DCA 1983), to hold otherwise would make government the insurer of those injured when laws and regulations are violated.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.