ALLEN, Judge.
The appellant John A. McCoy Florida SNF Trust (McCoy Trust) challenges the authority of the appellee Department of Health and Rehabilitative Services (HRS) to enter a final order after a petition for administrative review was voluntarily dismissed. We find that HRS’ review jurisdiction was terminated by the voluntary dismissal, so as to preclude the subsequent entry of the appealed order.
The McCoy Trust applied for a certificate of need (CON) for the construction of a nursing home. South Florida Baptist Hospital (SFBH) was one of several competing *352 applicants. After a comparative review of the various applications HRS issued a State Agency Action Report and Notice of Intent to grant a CON on the McCoy Trust application, and to deny the competing applications. SFBH petitioned under section 381.-709(5)(a), Florida Statutes, for an administrative hearing to contest this decision. A section 120.57(1), Florida Statutes, formal hearing was held, and the hearing officer entered a recommended order which concluded that the SFBH application and the McCoy Trust application should both be denied. SFBH then voluntarily dismissed its petition for an administrative hearing. HRS thereafter entered a final order adopting the recommended findings and conclusions, by which the CON applications of SFBH and the McCoy Trust were both denied.
In other cases this court has established that a voluntary dismissal of the petition for an administrative hearing divests HRS of jurisdiction to further review a CON application. See RHPC, Inc. v. Department of Health and Rehabilitative Services, 509 So.2d 1267 (Fla. 1st DCA 1987); Humana of Florida, Inc. v. Department of Health and Rehabilitative Services, 500 So.2d 186 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (Fla.1987). This jurisdictional principle has also been applied to administrative proceedings before other agencies. See Rudloe v. Department of Environmental Regulation, 517 So.2d 731 (Fla. 1st DCA 1987); see also, Orange County v. Debra, Inc., 451 So.2d 868 (Fla. 1st DCA 1983). Although HRS argues that the cases are factually distinguishable, such distinctions do not affect the extent of HRS’ jurisdiction. As an administrative agency, HRS is limited to such jurisdiction as is conferred by legislative enactment. See Debra; Swebilius v. Florida Construction Industry Licensing Board, 365 So.2d 1069 (Fla. 1st DCA 1979).
HRS asserts that it was compelled to enter a final order by section 120.59(l)(b), Florida Statutes. This statute imposes a time standard within which a final order “shall be” rendered after a recommended order is submitted. But neither this provision, nor the time standard contained in section 381.709(5)(c), Florida Statutes, confer any continuing jurisdiction when the petitioner has abandoned the dispute by filing a voluntary dismissal. Unlike the agency in Middlebrooks v. St. Johns River Water Management District, 529 So.2d 1167 (Fla. 5th DCA 1988), HRS has not adopted a rule which serves to restrict a petitioner’s ability to voluntarily dismiss a proceeding.
HRS suggests that it would be contrary to public policy to approve a CON application which does not fully comply with the criteria in chapter 381, Florida Statutes. But in addition to imposing substantive criteria, chapter 381 indicates that HRS’ preliminary action, as identified in the State Agency Action Report and Notice of Intent, shall become final unless challenged by an affected party. See § 381.-709(4)(d), Fla.Stat. When such a challenge is abandoned by a voluntary dismissal, HRS’ preliminary action becomes effective as final agency action. See RHPC. This is consistent with the policy of finality reflected in section 381.709(4)(d), and the termination of further review jurisdiction precludes HRS from entering the appealed order denying the McCoy Trust CON application.
The order is reversed and the cause remanded.
BOOTH and MINER, JJ., concur.