597 So.2d 345 (1992)
Carl C. MEYERS and Nancy T. Meyers, Appellants,
v.
SHORE INDUSTRIES, INC., a Florida corporation, Appellee.
No. 91-00616.
District Court of Appeal of Florida, Second District.
April 10, 1992.
David Emerson Bruner, Marco Island, for appellants.
John Clapper, III of Roetzel & Andress, Naples, for appellee.
PARKER, Judge.
Carl C. Meyers and Nancy T. Meyers appeal a summary final judgment entered in favor of Shore Industries, Inc. (Shore) for mortgage foreclosure of the Meyers' home. The trial court found that the affirmative defense of fraud raised by the Meyers was adjudicated finally against them in a prior proceeding. We reverse, concluding that Shore did not meet its burden *346 of demonstrating with sufficient certainty that the issue of fraud had been litigated and adjudicated fully. Therefore, summary judgment is precluded as there is a genuine issue of material fact.
In 1989 the Meyers purchased the assets of a business named West Coast Marine and Trailers and leased the premises upon which it is located from W.C. Industries, Inc., (W.C. Industries). The Meyers executed and delivered purchase documents consisting of a note, mortgage, and sublease. Later, W.C. Industries assigned the note and mortgage to Shore. In 1990 the Meyers failed to make the rent and note payments.
W.C. Industries thereafter filed a summary procedure action in county court for eviction. The Meyers answered, raising an affirmative defense that legal recourse was unnecessary since they had returned the keys to the premises and had assigned the inventory on the premises back to W.C. Industries. The Meyers also raised an affirmative defense in their answer and filed a counterclaim alleging fraud in the inducement against W.C. Industries, one of its employees, and the realty brokers of W.C. Industries. The final judgment entered in county court states that the Meyers breached their sublease for failure to pay rent and that judgment is entered in favor of W.C. Industries on their summary procedure complaint. The final judgment awarded possession of the premises to W.C. Industries plus costs and attorneys' fees. The final judgment neither addresses the Meyers' affirmative defenses nor their counterclaim. The Meyers voluntarily dismissed their counterclaim the day the county court entered the final judgment.
Subsequently, Shore filed its mortgage foreclosure action against the Meyers. The Meyers answered, alleging that the county court had struck their affirmative defenses in the summary procedure action. The Meyers also alleged an affirmative defense of fraud and misrepresentation against the same parties that the Meyers had listed in their defense and counterclaim in the county court eviction action. Shore filed a motion for summary judgment and affidavits in which it argued that it was entitled to judgment as a matter of law as it fully litigated and the court fully adjudicated the Meyers' fraud and misrepresentation affirmative defense. The trial court entered a summary final judgment in favor of Shore, holding that the fraud and misrepresentation issues raised by the Meyers had been adjudicated finally against them in the county court eviction action.
We reverse. Neither the trial court nor this court have a record of the county court proceeding. The county court's final judgment speaks only to possession of the property, costs, and fees. Shore argues that the Meyers raised or waived their defenses in the county court case. The Meyers argue that the county judge informed them that he would not permit the fraud defense or counterclaim to be heard in the eviction action.
The doctrine of estoppel by judgment applies when the parties in the present lawsuit are the same as or in privity with the parties in the former suit and when a relevant issue between the same parties was litigated and determined fully in a case which resulted in a final decision. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977). The party asserting the defense of estoppel by judgment has the burden of demonstrating with sufficient certainty through the record or extrinsic evidence that the issue was adjudicated fully. See Krug v. Meros, 468 So.2d 299 (Fla. 2d DCA), review denied, 480 So.2d 1295 (Fla. 1985); Sun State Roofing Co. v. Cotton States Mut. Ins. Co., 400 So.2d 842 (Fla. 2d DCA 1981). We conclude that Shore did not satisfy this burden. Accordingly, the trial court erred in applying the doctrine of estoppel by judgment.
Finally, the movant for summary judgment has the burden of demonstrating the absence of a genuine issue of material fact as to the affirmative defenses set forth in the answer. Howdeshell v. First Nat'l Bank of Clearwater, 369 So.2d 432 (Fla. 2d DCA 1979). The Meyers' defense that the note and mortgage were induced by fraud remains a question of fact. Thus Shore, as the moving party, did not satisfy *347 its burden and cannot prevail. Cf. Simco Operating Corp. v. City Nat'l Bank of Miami Beach, 341 So.2d 232 (Fla. 3d DCA 1976) (no error in rendering summary judgment where party admits that affirmative defenses actually were litigated in prior cause), cert. denied, 348 So.2d 952 (Fla. 1977).
We reverse the summary final judgment and remand for proceedings consistent with this opinion.
SCHOONOVER, C.J., and DANAHY, J., concur.