630 So.2d 1123 (1993)
SADDLEBROOK RESORTS, INC., Appellant,
v.
Wiregrass RANCH, INC., and Southwest Florida Water Management District, Appellees.
No. 92-01653.
District Court of Appeal of Florida, Second District.
July 9, 1993.
Rehearing Denied August 30, 1993.
*1124 Stephen R. Patton and Jeffrey A. Hall of Kirkland & Ellis, Chicago, Illinois; Arthur J. England, Jr. of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Miami; and Enola T. Brown of McWhirter, Grandoff & Reeves, Tampa, for appellant.
David A. Maney of Maney, Damsker & Arledge, P.A., Tampa and Douglas P. Manson of Carey, O'Malley, Whitaker & Lins, P.A., Tampa, for appellee Wiregrass Ranch, Inc.
Edward B. Helvenston, Deputy Gen. Counsel, and Mark F. Lapp, Asst. Gen. Counsel, Brooksville, for appellee Southwest Florida Water Management Dist.
CAMPBELL, Judge.
Appellant, Saddlebrook Resorts, Inc. (Saddlebrook), seeks review of an order of appellee, Southwest Florida Water Management District (SWFWMD), which "closed a file" after receiving a "Notice of Withdrawal or Voluntary Dismissal of Petition for Formal Administrative Hearing" from the petitioner/appellee, Wiregrass Ranch, Inc. (Wiregrass). In "closing the file" rather than entering a final order on the hearing officer's recommendations made after formal proceedings pursuant to section 120.57, Florida Statutes (1989), were concluded, SWFWMD found, in reliance on the decision in John A. McCoy Florida SNF Trust v. State, Department of Health and Rehabilitative Services, 589 So.2d 351 (Fla. 1st DCA 1991), that it had no jurisdiction to proceed further. While recognizing the vast experience of our colleagues of the First District Court of Appeal in regard to administrative law matters (see also RHPC, Inc. v. Dep't of Health and Rehabilitative Servs., 509 So.2d 1267 (Fla. 1st DCA 1987); Humana of Florida, Inc. v. Dep't of Health and Rehabilitative Servs., 500 So.2d 186 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (Fla. 1987); Rudloe v. Dep't of Envtl. Regulation, 517 So.2d 731 (Fla. 1st DCA 1987); Orange County v. Debra, Inc., 451 So.2d 868 (Fla. 1st DCA 1983)), we must respectfully disagree with their conclusions in McCoy, and SWFWMD's reliance thereon, and reverse the order of SWFWMD for the reasons hereinafter explained.
Saddlebrook is the owner of a golf and tennis resort in Pasco County. Appellee Wiregrass is the prior owner of the then undeveloped Saddlebrook properties and continues to own adjacent properties. After the Saddlebrook properties were developed, Wiregrass brought a nuisance action against Saddlebrook in the Sixth Judicial Circuit, in and for Pasco County, alleging excessive post-development surface water discharges from the Saddlebrook properties. In response to that action, Saddlebrook filed with SWFWMD an application for a Management and Storage of Surface Water (MSSW) permit. SWFWMD filed a notice of proposed agency action and a staff report which recommended issuance of the permit. Wiregrass, as an affected party, received notice of the proposed agency action and thereafter filed a petition for formal administrative hearing pursuant to section 120.57, Florida Statutes (1989) and the Florida Administrative Code. SWFWMD accepted the petition and referred it to the Department of Administrative Hearings (DOAH) for hearing. After the conclusion of the hearings, SWFWMD and Saddlebrook filed a joint proposed recommended order. Wiregrass also filed a recommended order. The hearing officer issued a recommended order in which he overruled the objections stated in Wiregrass' petition and recommended that the MSSW permit be issued to Saddlebrook. Wiregrass filed exceptions to the recommended order. Before the governing board of SWFWMD could act on those exceptions, Wiregrass filed its notice of withdrawal or voluntary dismissal. The governing board of SWFWMD met and was advised by its counsel, relying on McCoy, that the effect of the notice of withdrawal or voluntary dismissal by Wiregrass was to terminate the jurisdiction of SWFWMD to act further in the matter. Counsel recommended that the agency close its file. Saddlebrook opposed the recommendation. *1125 The governing board accepted the recommendation of its counsel that it was without jurisdiction to proceed further in regard to the hearing officer's recommended order and "closed its file." The governing board approved the issuance of Saddlebrook's MSSW permit application.
Saddlebrook contends that allowing the voluntary dismissal without the issuance of a final order in regard to the matters litigated before the hearing officer allows a relitigation at a later date of those matters even though the MSSW permit was issued to Saddlebrook. Saddlebrook contends the possible relitigation is critical because its MSSW application sought only conceptual approval of Saddlebrook's proposed drainage system redesign. Saddlebrook argues that implementation of that design requires further construction permitting at which time Wiregrass could attempt to relitigate the same challenges the hearing officer has heard and rejected, but which were not finalized because of Wiregrass' voluntary dismissal. Saddlebrook contends that entry of the final order would preclude the possibility of a relitigation of these matters, perhaps before a different hearing officer. We do not believe we are required to determine in this appeal whether or not Saddlebrook's concerns are justified or legitimate. That is a matter for SWFWMD to eventually determine. However, by construing Wiregrass' notice of withdrawal or voluntary dismissal to automatically terminate SWFWMD's jurisdiction, SWFWMD has effectively precluded itself from the ability to determine the very issues Saddlebrook now raises here.
In an administrative agency "permitting" or "licensing" context or process, a jurisdictional focus, as seen in McCoy and subsequent cases, is proper when (and perhaps only when) the party seeking to voluntarily dismiss the proceeding is the "permit" applicant[1]. Where the party seeking to voluntarily dismiss a permitting proceeding is a party other than the applicant, we conclude that jurisdiction of the agency is not lost by that third party's attempted or actual withdrawal from the proceedings.
In order to understand this conclusion, a closer look at the administrative process, particularly in regard to "licensing" or "permitting," is necessary. Chapter 120, The Administrative Procedure Act, was conceived and developed to assure that all administrative agencies follow a readily ascertainable, uniform (insofar as is possible) and open process whereby all parties whose substantial interests are affected or determined are afforded full due process and full access to those proceedings.
Section 120.52(10), Florida Statutes (1989) defines "licensing" (in this case "permitting") as "the agency process respecting the issuance ... of a license... ." (Emphasis supplied.) Therefore, when a party (Saddlebrook) applies to an agency (SWFWMD) for a permit, the agency jurisdiction is invoked and its permitting process is activated. Jurisdiction and process are not synonymous. "Licensing" (permitting) is the subject of a separate section (§ 120.60) of the Administrative Procedure Act. Section 120.60(1) specifically provides that licensing (the process) "is subject to the provisions of s. 120.57." Section 120.57 is the provision of the Administrative Procedure Act which governs the agency process when the agency is determining substantial interests of parties. Section 120.57 provides for two types of process in determining those interests. Section 120.57(1) applies to "Formal Proceedings" and section 120.57(2) applies to "Informal Proceedings."
Again, the agency permitting jurisdiction is invoked when a party seeks a permit; the process of exercising that jurisdiction is governed by either the "formal" or "informal" method provided by section 120.57. Section 120.57 also provides that "[u]nless waived by all parties, subsection (1) applies whenever the proceeding involves a disputed issue of *1126 material fact." The Administrative Procedure Act also provides for the adoption by each administrative agency of its own uniform rules of procedure or the use of applicable model rules of procedure promulgated by the Administration Commission and filed with the Department of State. § 120.54(10), Fla. Stat. (1989). SWFWMD has adopted such rules of procedure reported as chapter 40D, Florida Administrative Code. Chapter 40D contains a "Part V Decisions Determining Substantial Interests." Rule 40D-1.501, entitled "Policy and Purpose," provides in pertinent part as follows:
40D-1.501 Policy and Purpose.
(1) This part V shall apply in all proceedings in which substantial interests of a party are determined by the District and shall be construed to secure the just, speedy, and inexpensive determination of every proceeding. Specifically, this part applies to all proceedings under Section 120.57, Florida Statutes, as well as those initiated under Section 120.60....
(2) Proceedings before the Board are informal proceedings. A permit applicant or other affected person desiring a formal proceeding must submit a petition in compliance with Rule 40D-1.521 to the District. Subpart A and B apply to formal proceedings. Subpart A and C apply to informal proceedings.
(Emphasis supplied.) Therefore, the intent of that rule clearly is that any party, including the permit applicant, may request that the agency exercise its jurisdiction through the process of a formal proceeding. Moreover, when there is a disputed issue of fact to be determined, section 120.57 requires a formal proceeding unless waived by all parties to the proceeding. SWFWMD is a "party" to the proceedings according to its own rules. See Rule 40D-1.504.
Rule 40D-1.521 also applies to the process of activating formal proceedings. That rule provides in pertinent part as follows:
(1) Formal proceedings shall be initiated by petition to the District. The term petition as used herein includes any application or other document which expresses a request for formal proceedings.
... .
(5) Petitioners entitled to a hearing pursuant to Subsection 120.57(1), Florida Statutes, may waive their right to a formal hearing and request an informal hearing before the Board pursuant to Subsection 120.57(2), Florida Statutes, which may be granted at the option of the District."
(Emphasis supplied.) Therefore, it is evident from SWFWMD's own rules that those persons who have petitioned for formal proceedings (Wiregrass) may waive their right to formal proceedings (voluntary dismissal of petition) and such waiver may be granted (or denied) at the option of SWFWMD. It must be again emphasized that the permitting process is exercised only by means of one of two alternatives, formal or informal proceedings. It is also clear from SWFWMD's rules and the applicable portions of chapter 120 that once jurisdiction is invoked in a licensing proceeding the process may change from formal to informal or vice versa at the request of the parties and the option of SWFWMD. Section 373.413, Florida Statutes (1989), is the substantive statute that governs the issuance of permits for MSSW, the type of permit Saddlebrook sought. It, too, provides for the exercise of discretion by the administrative agency as to whether hearings are held in regard to a permit application. Section 373.413(5) provides, in pertinent part, as follows: "If no substantial objection to the application is received, the governing board or the department, after proper investigation by its staff, may at its discretion approve the application without a hearing." (Emphasis supplied.) Therefore, under applicable statutes and SWFWMD rules, the permitting process is conducted by formal or informal proceedings. Formal proceedings are usually precipitated by the request of a substantially affected party, but can be instituted at the option of the agency. Formal proceedings necessitate a hearing, whereas an informal proceeding may, at the request of the parties and at the option of the agency, proceed without a hearing.
*1127 Therefore, we conclude that jurisdiction of the agency to proceed with the permitting process is not lost because one or more of the parties desires to dispense with a formal proceeding or hearing. Neither is the discretion of the agency to proceed with a formal proceeding lost by the action of a party (who is not the permitting applicant) seeking to withdraw from the proceeding. This would be true even when the nonapplicant party seeking to withdraw is the party who first sought the formal proceeding. The supreme court has recognized this ability of an agency to move from one type of proceeding to another and to utilize evidence obtained through an informal proceeding in a later formal proceeding (and vice versa) on the same subject. In United Telephone Company of Florida v. Mann, 403 So.2d 962, 967, n. 5 (Fla. 1981), the court, in a proceeding involving the Public Service Commission, observed as follows:
One of the major problems the commission faced at the interim hearing was the introduction of relevant evidence within a minimum amount of time. Much of the evidence was repetitious in that it had been presented at a previous informal proceeding which had apparently been attended by public counsel. Unfortunately the commission operated under the presumption that it could not consider that evidence nor base an interim order on it since it was obtained through an informal proceeding held pursuant to section 120.57(2), Florida Statutes (1978 Supp.). The commission erroneously concluded that it could only issue an interim order after holding a formal proceeding under section 120.57(1). A formal hearing does not need to be held if there is no disputed issue of material fact or if waived by all the parties. If during an informal proceeding a dispute arises as to a material fact and one of the parties insists upon a formal proceeding, there is nothing to prevent the commission from making all of the evidence that had been presented at the informal proceeding part of the record of the formal proceeding.
Our colleagues of the First District in Village Saloon, Inc. v. Division of Alcoholic Beverages, Department of Business Regulation, 463 So.2d 278 (Fla. 1st DCA 1984), relying on United Telephone, have themselves recognized this ability of an agency and the parties before the agency to proceed from one type of proceeding to another and for the agency to preserve the information and evidence presented by the parties in either type of proceeding as will best facilitate the action of the agency and support its decision. On rehearing in Village Saloon, the court observed as follows:
Fundamental to due process is the right to a fair hearing. The provisions of section 120.57 implement that right through the mechanism of formal proceedings or informal proceedings. Section 120.57(1) governs formal proceedings and necessarily requires the holding of a hearing. Informal proceedings under section 120.57(2), on the other hand, may proceed with or without a hearing. When the parties agree to proceed informally without a hearing, the agency decision may be based on informal submissions which are made part of the record. On the other hand, if a party qualifies the agreement to proceed informally by requesting a hearing at which to adduce additional evidence and argument, the Division is not at liberty to deny that party a hearing and proceed to decision on the basis of the informal submissions. While a party has the absolute right to a formal hearing under section 120.57(1) when material facts are in dispute, the absence of disputed issues of material fact, which authorizes informal proceedings under section 120.57(2), does not, ipso facto, eliminate the right to a hearing. Hearings, whether conducted under section 120.57(1) or (2), provide the essential mechanism whereby parties confront each other at a common time and situs and present evidence, legal authority, and argument in support of their respective positions. Hearings afford the parties an opportunity to review the information of record to be relied on by the agency and to rebut the opponent's contentions. Hearings facilitate the preparation of a complete and adequate record containing information and evidence presented by the parties and, more importantly, relied on by *1128 the agency to support its decision. When material facts are not in dispute, an agency is not required to grant a formal proceeding, even though requested by the party, and is free to insist that the matter be handled by informal proceeding. If, however, during the progress of a section 120.57(2) informal proceeding, it becomes apparent that material facts are in dispute, a formal hearing may be convened, and evidence adduced during the informal hearing may be made part of the record in the formal proceeding. E.M. Watkins' Co. v. Board of Regents, 414 So.2d 583 (Fla. 1st DCA 1982). See also United Telephone Co. of Florida v. Mann, 403 So.2d 962, 967, n. 5 (Fla. 1981).
463 So.2d at 284-285 (emphasis in original; footnote omitted).
Finally, we would observe that nowhere in applicable statutory provisions, in the rules adopted by SWFWMD, or in the model rules of administrative procedure, is there a provision for a "voluntary dismissal" of a proceeding in the permitting process by a party who is not an applicant without agency approval. SWFWMD's Rule 40D-1.524, F.A.C., is entitled "Motions" and provides that a party may make any motion in a permitting proceeding that is allowed under the Florida Rules of Civil Procedure in accordance with the procedures specified in the Florida Rules of Civil Procedure. Florida Rule of Civil Procedure 1.420(a) provides for "notices" of voluntary dismissal.
If, however, in adopting Rule 40D-1.524, F.A.C. relating to "motions" allowable under the Florida Rules of Civil Procedure, it was intended to encompass the "notice" of voluntary dismissal provided for in Rule 1.420(a), Wiregrass' position that their notice of voluntary dismissal deprived SWFWMD of jurisdiction to proceed to a final order would still be doomed. In Middlebrooks v. St. Johns River Water Management District, 529 So.2d 1167 (Fla. 5th DCA 1988), the court found that the St. Johns district did not lose jurisdiction to enter its final order after receiving a hearing officer's recommended order even when the permit applicant withdrew his application. That water management district had adopted rules of procedure which made the Florida Rules of Civil Procedure applicable to its administrative proceeding. The Middlebrooks court correctly reasoned that, applying Rule 1.420(a)(1), a proceeding could not be voluntarily dismissed without agency approval after the fact-finding hearing officer had concluded the hearing process and submitted a recommended order to the district. The McCoy court, with all due respect to our colleagues there, makes a strange analysis in order to distinguish Middlebrooks. The McCoy court correctly observes that an administrative agency is limited to such jurisdiction as is conferred by legislative enactment. An agency cannot enlarge, reduce or modify its jurisdiction by its own action. Yet, the McCoy court reasons that Middlebrooks is distinguishable because the water management district involved there had adopted a rule which allowed it, in the face of a notice of voluntary dismissal, to retain jurisdiction that the district would have been without absent the adoption of its own rule. Since an agency cannot confer jurisdiction upon itself, the adoption of an agency rule should have no effect upon jurisdiction.
To restate our conclusion, in a permitting process, the jurisdiction of an agency is activated when the permit application is filed. Jurisdiction to proceed in that permitting process to a conclusion of whatever process has been activated is only lost by the agency when the permit is issued or denied or when the permit applicant withdraws its application prior to completion of the fact-finding process. We, therefore, reverse the order of SWFWMD which ordered its file in regard to Saddlebrooks permit application closed for lack of jurisdiction to proceed further and remand for further proceedings consistent with this opinion.
FRANK, C.J., concurs.
PARKER, J., dissents with opinion.
PARKER, Judge, dissenting.
I respectfully dissent. Although the result reached by the majority appears to be a fair result, I would follow the precedent from the First District in John A. McCoy Florida SNF Trust v. State, Department of Health and Rehabilitative Services, 589 So.2d 351 *1129 (Fla. 1st DCA 1991). I believe that the agency lacked jurisdiction to enter a final order once Wiregrass voluntarily dismissed its petition. At the relevant time, SWFWMD did not have a rule which prohibited a dismissal at this stage of the proceedings nor had SWFWMD adopted the Florida Rules of Civil Procedure as St. Johns River Water Management District had done in Middlebrooks v. St. Johns River Water Management District, 529 So.2d 1167 (Fla. 5th DCA 1988). If SWFWMD had a rule prohibiting a dismissal at this stage in the proceedings or if SWFWMD had adopted the Florida Rules of Civil Procedure, I would join in the result that the majority has reached.
NOTES
[1] "Permitting" and "licensing" are synonymous terms as defined in chapter 120, The Florida Administrative Procedure Act. See § 120.52(9).