645 So.2d 374 (1994)
WIREGRASS RANCH, INC., Petitioner,
v.
SADDLEBROOK RESORTS, INC., et al., Respondents.
No. 82463.
Supreme Court of Florida.
September 1, 1994.
Rehearing Denied November 17, 1994.
David A. Maney of Maney, Damsker, Harris & Jones, P.A., and Douglas P. Manson of Carey, O'Malley, Whitaker & Lins, P.A., Tampa, for petitioner.
Arthur J. England, Jr. and Charles M. Auslander of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Miami, Enola T. Brown of Annis, Mitchell, Cockey, Edwards & Roehn, Tampa, and Stephen R. Patton of Kirkland & Ellis, Chicago, Illinois, for respondents.
David G. Guest and Laura J. Ericson-Siegel of the Sierra Club Legal Defense Fund, Tallahassee, amicus curiae for The Environmental Confederation of Southwest Florida.
OVERTON, Justice.
Wiregrass Ranch, Inc., petitions for review of Saddlebrook Resorts, Inc. v. Wiregrass Ranch, Inc., 630 So.2d 1123 (Fla. 2d DCA 1993). The issue in this case is whether Wiregrass, an affected party who had objected to the Southwest Florida Water Management District's issuance of a surface-water permit to Saddlebrook and sought a hearing *375 on the matter, could file a voluntary dismissal of its objection after an adverse factual finding by the hearing officer but before the agency had acted on the hearing officer's recommendations. The district court in this instance held that Wiregrass could not unilaterally divest the water management district of jurisdiction and that the agency had the discretion to issue a final order if it determined it to be appropriate under the circumstances. The district court acknowledged that its decision conflicted with the decision of the First District Court of Appeal in John A. McCoy Florida SNF Trust v. State, Department of Health and Rehabilitative Services, 589 So.2d 351 (Fla. 1st DCA 1991). We have conflict jurisdiction.[1] For the reasons expressed, we approve the decision of the district court in this case and disapprove the decision of the First District Court in McCoy.
The procedural history upon which this case is based is not in dispute. Saddlebrook is the owner of a development in Pasco County. Wiregrass is the owner of adjacent property. Wiregrass brought an action against Saddlebrook in the circuit court, alleging excessive post-development surface water discharges from Saddlebrook's property. Saddlebrook, in response, applied to the Southwest Florida Water Management District (SWFWMD) for a management and storage of surface water permit. SWFWMD issued a notice of proposed agency action and a staff report that recommended issuance of the permit. Wiregrass, as an affected party, received notice of the proposed agency action and requested a formal administrative hearing on its objections to the permit under section 120.57, Florida Statutes (1989). SWFWMD referred the matter to the Department of Administrative Hearings for a hearing. A hearing was held before a hearing officer and, after the hearing was concluded, Saddlebrook and SWFWMD filed a joint proposed recommended order and Wiregrass filed its separate recommended order. The hearing officer made findings of fact and issued a recommended order in which he overruled the objections stated in Wiregrass's petition and recommended that the permit be issued to Saddlebrook. Wiregrass then filed exceptions to the recommended order, but before the governing board of SWFWMD could act on the recommended order, Wiregrass filed a motion for a voluntary dismissal of its exceptions. SWFWMD granted the motion and terminated its jurisdiction to act further on the objections raised by Wiregrass following the advice of its counsel that it was bound by the decision of the First District Court of Appeal in McCoy. SWFWMD did, however, approve the issuance of Saddlebrook's permit application.
Saddlebrook appealed to the Second District Court of Appeal, arguing that by allowing the voluntary dismissal concerning the matters litigated before the hearing officer SWFWMD allowed relitigation at a later date of those matters even though the temporary permit was issued. The district court found on these facts that
the jurisdiction of an agency is activated when the permit application is filed. Jurisdiction to proceed in that permitting process to a conclusion of whatever process has been activated is only lost by the agency when the permit is issued or denied or when the permit applicant withdraws its application prior to completion of the fact-finding process.
Saddlebrook Resorts, 630 So.2d at 1128 (emphasis omitted). In doing so, the district court expressly disagreed with the decision of the First District in McCoy and found its decision fully consistent with the Fifth District Court's decision in Middlebrooks v. St. Johns River Water Management District, 529 So.2d 1167 (Fla. 5th DCA 1988). In reaching its decision, the district court explained in detail the application of the administrative process to the permitting function in this case. The court concluded that, because of the discretionary authority granted to the water management districts by the legislature, particularly section 373.413, Florida Statutes 1989,
jurisdiction of the agency to proceed with the permitting process is not lost because one or more of the parties desires to dispense with a formal proceeding or hearing. *376 Neither is the discretion of the agency to proceed with a formal proceeding lost by the action of a party (who is not the permitting applicant) seeking to withdraw from the proceeding. This would be true even when the nonapplicant party seeking to withdraw is the party who first sought the formal proceeding.
Saddlebrook Resorts, 630 So.2d at 1127 (emphasis omitted).
At the outset of our analysis, we wish to emphasize, as did the district court, that this was not the applicant for a license or a permit who was seeking to have the proceeding terminated; this was an objector to the issuance of the permit. Given the very express legislative permitting authority given to this type of executive agency, we must realize that this type of adjudicatory body exercises jurisdiction in matters over which it may be as much a party as the applicant or the objector affected party. This type of permitting agency is different from a court because of the fact that it may have as much interest in the outcome in protecting the public's interest as directed by the legislature as the applicant or the objector may have as a party protecting its respective property interest. In fact in this instance the Board could have agreed with some of the points made by Wiregrass. Because of this difference, the voluntary dismissal rule, Florida Rule of Civil Procedure 1.420(a)(1), cannot, in our view, be utilized to divest an adjudicatory agency of the jurisdiction granted it by the legislature. To conclude otherwise, as stated by the district court, could effectively allow an objecting party to unilaterally terminate jurisdiction and in effect declare null and void factual findings made in a proceeding clearly within an agency's area of responsibility and jurisdiction as directed by the legislature. We reject the contention of Wiregrass that it has the power to terminate the chapter 120 proceedings and the factual findings concerning an issue within the responsibility of the agency and have it separated from the jurisdiction of the water management district who must determine whether to grant or deny the permit. That, in our view, makes no sense whatever.
Further, even if Rule of Civil Procedure 1.420(a)(1) was applicable it would not allow a dismissal. These circumstances are controlled by the construction of the rule as set forth by the Fifth District Court of Appeal in Middlebrooks. In Middlebrooks, the applicant for a permit argued that its withdrawal immediately prior to oral argument before the adjudicatory agency deprived the agency of jurisdiction to enter a final order. In that instance, the district court found that Florida Rule of Civil Procedure 1.420(a)(1) controlled. It explained:
In our view the hearing officer in an administrative proceeding is analogous to a jury. He is the fact-finder. The District Board is like a trial judge in a jury case. The Board makes conclusions of law, but cannot reject nor modify the hearing officer's findings of fact unless they are not supported by competent evidence. See § 120.57(1)(b)9, Fla. Stat. (1987). After the fact-finder retires to deliberate the outcome, it is too late under Rule 1.420(a) to take a voluntary dismissal. Here the hearing officer had concluded his fact-finding process, and filed his tentative "verdict." He had "retired." The oral argument before the District was set and entry of the final order by the District remained, but that process is analogous to post-verdict arguments and entry of final judgment by a court after post-judgment motions and argument.
529 So.2d at 1169. We agree with this analysis.
In conclusion, we find that, given the statutory provisions applicable to this agency, it has jurisdiction and the discretionary authority to continue with this proceeding. We hold that Wiregrass, as an affected party, can not terminate SWFWMD's jurisdiction over its objection to Saddlebrook's permit application; and, further, that even if rule 1.420(a)(1) applied, the motion for voluntary dismissal was not timely filed for the reasons expressed in Middlebrooks. The decision of the district court of appeal is approved, as is the opinion of the district court in Middlebrooks. The opinion of the First District in McCoy is hereby disapproved.
It is so ordered.
*377 GRIMES, C.J., SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.