THREADGILL, Judge.
Appellants challenge a final order of the Southwest Florida Water Management District (SWFWMD) which closed a file on an application for a water use permit when Con *486 solidated Minerals, Inc. filed a notice that it was withdrawing the application. We reverse.
Consolidated applied to SWFWMD for a revised individual water use permit in 1991. SWFWMD issued a notice of intent to issue the permit and prepared a proposed draft of the permit subject to certain conditions. Both Consolidated and opponents of the permit, the City of North Port and Environmental Confederation of Southwest Florida, petitioned for a formal administrative hearing-pursuant to section 120.57, Florida Statutes (1991). The hearing was held from September 14, through September 24, 1992. The hearing officer entered a recommended order on April 20, 1993, that Consolidated’s permit be denied. Consolidated filed no exceptions to the recommended order. Before SWFWMD convened as scheduled on May 19,1993, to consider the recommended order, Consolidated filed a “notice of withdrawal of permit” on May 10, 1993. The City of North Port, Charlotte County, and Environmental Confederation of Southwest Florida filed motions objecting to the notice of withdrawal and asked the agency to enter a final order on the hearing officer’s recommended order. After a hearing on May 25, 1993, SWFWMD denied the motions and closed the file by final order upon determining that the withdrawal divested SWFWMD of jurisdiction. The City and the Confederation have appealed this order.
We reverse on the authority of Saddlebrook Resorts v. Wiregrass Ranch, Inc., 630 So.2d 1123 (Fla.2d DCA 1993), approved, 645 So.2d 374 (Fla.1994), which was pending before this court when SWFWMD met to consider Consolidated’s right to withdraw its application for a permit.[1] In Saddlebrook, we considered the effect on jurisdiction when an affected party who is not the applicant withdraws its petition for hearing. Therein we stated:
To restate our conclusion, in a permitting process, the jurisdiction of an agency is activated when the permit application is filed. Jurisdiction to proceed in that permitting process to a conclusion of whatever process has been activated is only lost by the agency when the permit is issued or denied or when the permit applicant withdraws its application prior to completion of the fact-finding process.
Saddlebrook, 630 So.2d at 1128.
When the instant case was decided, SWFWMD had promulgated no rule authorizing voluntary dismissals.[2] However, Florida Rule of Administrative Procedure 40D-1.524, was in existence and authorized “any motion allowed under the Florida Rules of Civil Procedure in accordance with the procedures specified therein except as provided in [SWFWMD’s] rules.” In Saddlebrook, we noted the absence of any authority in the SWFWMD rules for voluntary dismissals and recognized the existence of rule 40D-1.524. 630 So.2d at 1128. Thus, Consolidated’s notice to withdraw its application after the fact-finding process did not divest SWFWMD of jurisdiction, but operated as an application for an order to withdraw its application pursuant to Florida Rule of Civil Procedure 1.420(a)(2). After hearing the motion, SWFWMD could have either allowed or denied the withdrawal upon such terms and conditions as it deemed proper.
To permit an applicant to unilaterally withdraw an application for a water use permit after the fact-finding process affords the applicant the advantage of 20/20 hindsight as recognized by Middlebrooks v. St. Johns River Water Management District, 529 So.2d 1167 (Fla. 5th DCA 1988). Not only was the factfinding process complete in this case, but the factfinder had already reached a decision. Moreover to allow an applicant to activate the fact-finding process and then withdraw the application endorses a practice which can be used to deplete the financial resources of a challenger. Thus, fairness as well as conservation of agency time and labor dictate that after the evidence has been submitted to *487 the fact-finder, an applicant must obtain an agency order authorizing the withdrawal of the application.
We find no merit in Consolidated’s argument that the fact-finding process is not complete until final agency action on the recommended order. The agency’s scope of review of the facts is limited to ascertaining whether the hearing officer’s factual findings are supported by competent substantial evidence. § 120.57(l)(b)(10), Fla.Stat. (1991). The agency makes no factual findings in reviewing the recommended order.
We therefore reverse and remand for further proceedings.
CAMPBELL, A.C.J., and BLUE, J., concur.

. Saddlebrook was decided on July 9, 1993, and rehearing was denied on August 30, 1993.

. Florida Rule of Administrative Procedure 40D-1.510, which incorporates the Florida Rules of Civil Procedure into the rules for SWFWMD, was not implemented until July 13, 1993, after 'the final order was entered in this case.