679 So.2d 1212 (1996)
James E. PORTER and Martha M. Porter, trustees; James H. Porter, individually; William H. Porter, as trustee; and Wiregrass Ranch, Inc., a Florida corporation, Appellants,
v.
SADDLEBROOK RESORTS, INC., Appellee.
No. 95-01663.
District Court of Appeal of Florida, Second District.
August 16, 1996.
Rehearing Denied September 25, 1996.
*1213 David A. Maney and Lorena L. Kiely of Maney, Damsker, Harris & Jones, P.A.; and Benjamin H. Hill, III of Hill, Ward & Henderson, P.A., Tampa, for Appellants.
Steven R. Patton and John F. Hartmann of Kirkland & Ellis, Chicago, Illinois; Enola T. Brown of Annis, Mitchell, Cockey, Edwards & Roehn, Tampa; Arthur J. England, Jr. and Charles M. Auslander of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for Appellee.
QUINCE, Judge.
Appellants challenge the trial court's order dismissing their nuisance complaint based on collateral estoppel. We affirm in part, reverse in part, and remand for further proceedings.
Appellants James H. Porter and Martha M. Porter (the Porters), trustees of the James H. Porter Trust, filed a complaint for nuisance against Saddlebrook Resorts, Inc. (Saddlebrook) and Pasco County on July 21, 1983. The trial court dismissed Pasco County as a party defendant on September 23, 1983. By order dated August 11, 1988, the plaintiffs were allowed to amend their complaint and add as party plaintiffs, James H. Porter, individually, William H. Porter as trustee, and Wiregrass Ranch, Inc. (Wiregrass). A second amended complaint was filed, and it was on this complaint that the issues were tried.
Following a jury verdict in favor of the Porters on July 11, 1989, the trial court entered a final judgment in excess of 8 million dollars. Thereafter, the trial court granted Saddlebrook's motion for relief from judgment, and the Porters timely appealed. On February 28, 1991, the trial court denied Saddlebrook's motion for a new trial based on erroneous jury instructions, and Saddlebrook appealed. This court consolidated the appeals and ordered a new trial because the trial court erred in excluding Saddlebrook's evidence on reasonableness and in failing to properly instruct the jury. See Porter v. Saddlebrook Resorts, Inc., 596 So.2d 472 (Fla. 2d DCA 1992).
On February 8, 1990, while the appeals were pending, Saddlebrook applied to the Southwest Florida Water Management District (SWFWMD or agency) for a surface water management and storage permit. SWFWMD was asked to approve the conceptual design of the proposed structures. Wiregrass objected to the issuance of the permit, and filed a petition for a formal administrative hearing. The administrative hearing was held December 2, 3, and 4, 1991, and February 11, 1992, and the hearing officer issued a recommended order on March 31, 1992.
*1214 Prior to agency action on the recommended order, Wiregrass dismissed its petition by filing a notice of voluntary dismissal. SWFWMD, believing it was without jurisdiction to enter a final order, entered an order closing the file. Saddlebrook sought review, and this court in Saddlebrook Resorts, Inc. v. Wiregrass Ranch, 630 So.2d 1123 (Fla. 2d DCA 1993), held the jurisdiction of the agency is activated when the permit application is filed and is lost when the agency issues or denies the permit or the applicant withdraws the application. The supreme court affirmed this ruling in Wiregrass Ranch, Inc. v. Saddlebrook Resorts, Inc., 645 So.2d 374 (Fla. 1994). On remand SWFWMD entered a final order approving the permit. Wiregrass voluntarily dismissed the appeal taken from that final agency action.
After the agency issued its final order, Saddlebrook filed a motion for summary judgment in the action pending in circuit court based on collateral estoppel. The trial court granted summary judgment, and this appeal was taken. The issue before this court is whether there are any genuine issues of fact in the circuit court case that were not resolved in the administrative proceeding. We believe there are genuine issues concerning peak flow during the period 1979-1983, the annual volume of runoff, and Saddlebrook's compliance with other agency regulations that were not resolved in the administrative proceeding, thus summary judgment on these matters was inappropriate.
The administrative agency had to determine the appropriateness of issuing to Saddlebrook a permit to build a new facility for management and storage of surface water. The hearing officer indicated in the recommended order, which was accepted and adopted by the agency, that in order to approve the application, Saddlebrook's proposed facility must comply with the design and performance criteria set forth in SWFWMD's Basis of Review and the conditions for permit issuance under Florida Administrative Code Rule 40D-4.301. SWFWMD's Basis for Review requires the agency to review and address the following four categories, 1) water quantity, in terms of peak flow discharge for projects located in open drainage basins; 2) flood protection; 3) water quality; and 4) wetlands impacts. The recommended order addressed the peak flow discharge for the pre-development (1973) period and the 1984 period, as well as the other three categories.
The hearing officer specifically stated the agency did not have the authority to deny a permit based on noncompliance with another agency's rules and regulations. An applicant need not demonstrate compliance with other governmental regulations; an applicant need only give reasonable assurance that the design will be consistent with the requirements of other public agencies. Additionally, the hearing officer stated SWFWMD does not regulate and Florida Administrative Code Rule 40-D-4 does not address the annual volume of runoff in open drainage basins. In the permitting process the applicant need only provide reasonable assurance that the surface water management system will not cause adverse quantity impacts. Despite this disclaimer, the hearing officer made findings concerning the annual volume of runoff.
It appears neither the hearing officer nor the agency addressed the Basis of Review criteria for the period 1979 to 1983, or Saddlebrook's' compliance or failure to comply with the rules and regulations of other governmental or public agencies. Furthermore, the hearing officer and the agency made findings and conclusions on an issue, annual volume of runoff, that was not germane to the administrative proceeding. We must, therefore, remand this case to the trial judge to consider these issues as they relate to the Porter's nuisance complaint.
The doctrine of collateral estoppel prevents identical parties or those in privity with parties from relitigating issues that have previously been litigated and determined. R.D.J. Enterprises, Inc. v. Mega Bank, 600 So.2d 1229 (Fla. 3d DCA), rev. denied, 609 So.2d 40 (Fla.1992); Meyers v. Shore Industries, Inc., 597 So.2d 345 (Fla. 2d DCA 1992). Collateral estoppel principles are applicable to a subsequent proceeding only if, 1) the identical issues were presented in a prior proceeding; 2) there was a full and fair opportunity to litigate the issues in the prior proceeding; 3) the issues in the prior *1215 litigation were a critical and necessary part of the prior determination; 4) the parties in the two proceedings were identical; and 5) the issues were actually litigated in the prior proceeding. Department of Health and Rehabilitative Services v. B.J.M., 656 So.2d 906 (Fla.1995); Mobil Oil v. Shevin, 354 So.2d 372 (Fla.1977). Not all of these elements are satisfied in the instant case.
While the parties are identical[1] and some of the issues are identical, other issues were either not litigated in the administrative proceeding or not relevant in that proceeding. The hearing officer and the agency, by adopting the recommended order, found the annual volume of runoff was not pertinent in a permitting proceeding. Despite discussion of the issue in the final order, it was not essential to the agency's ultimate decision to grant the permit. Since a determination of the annual volume of runoff was not relevant to the final agency action, the findings on that issue should not be used for purposes of collateral estoppel. See Department of Transportation v. Gary, 513 So.2d 1338 (Fla. 1st DCA 1987); Neidhart v. Pioneer Federal Savings and Loan Association, 498 So.2d 594 (Fla. 2d DCA 1986); State ex rel. Pettengill v. Copelan, 466 So.2d 1133 (Fla. 1st DCA 1985).
Similarly, there can be no collateral estoppel effect on issues not litigated in the agency proceeding. Meyers v. Shore Industries, Inc.. The recommended order clearly indicates no findings or determinations were made concerning Saddlebrook's compliance or lack thereof with other governmental or public regulations. Additionally, the order does not address the design and performance criteria for the period 1979 to 1983.
To the extent these issues are ones which are relevant to the Porters' nuisance complaint, they remain unresolved between the parties. The trial court erred by applying collateral estoppel to these issues. We, therefore, reverse the order of the trial court dismissing the complaint as to these issues only. On remand the trial court must determine whether the nuisance complaint is viable with the remaining issues.
Affirmed in part, and reversed in part.
FRANK, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Although the Porters make an argument that the parties are not identical, the record indicates the individual Porters are the principals in Wiregrass Ranch, Inc. and held title to the property in trust prior to incorporation.