703 So.2d 502 (1997)
Patricia L. FABRY d/b/a Plant Food Systems, Inc., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 97-0136.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Peter A. Lewis of Goldsmith & Grout, P.A., Tallahassee, for Appellant.
Susan Mastin Scott, Senior Health Attorney, Fort Myers, for Appellee.
ANTOON, Judge.
Plant Food Systems, Inc., (PFS) appeals the final order entered by the Department of Health and Rehabilitative Services (HRS) directing it to obtain an annual operating permit for its on-site sewage treatment and disposal system. PFS contends that reversal is required because (1) the record does not contain substantial competent evidence to support the hearing officer's findings of fact; and (2) HRS improperly failed to afford PFS a formal administrative hearing pursuant to section 120.57, Florida Statutes (1995). We affirm because the instant record contains testimony of witnesses as well as exhibits which support the hearing officer's rulings and because PFS waived its right to receive a formal administrative hearing.
PFS is in the business of blending liquid fertilizers. HRS issued PFS a construction permit authorizing PFS to construct an on-site sewage treatment and disposal system. The permit stated that, in addition to obtaining a construction permit, PFS was required to obtain an annual operating permit for the sewage treatment system because PFS' facility has the potential to produce toxic or hazardous wastewater. The cost of the permit is $150 per year.
Several years after construction of the sewage treatment system had been completed, HRS discovered that PFS had not acquired the operating permit. Thereafter, HRS made repeated demands that PFS obtain the permit. PFS resisted these demands. Eventually, HRS provided PFS with written notice of its final determination that an annual operating permit was required under *503 section 381.0065(4)(h)2, Florida Statutes (1995). The notice advised PFS of its right to request a hearing pursuant to section 120.57, Florida Statutes (1995).[1] The notice also included the following form which provided PFS with a choice of two options:
() I have received the administrative complaint and hereby request an informal hearing with personnel of the Department. The reasons for requesting this informal hearing are as follows (please type or print your reasons below):
() I have received the administrative complaint and hereby request a formal administrative hearing. The complaint contains the following disputed issues of material facts (please type or print your reasons below):
PFS completed the form and checked the first option, indicating its request for an informal hearing. PFS returned the form to HRS along with an attached letter stating: "We do not generate nor are we capable of generating toxic, hazardous or industrial waste as stipulated in the code."
Pursuant to PFS' request, an informal hearing was conducted by an HRS hearing officer. After taking testimony and receiving evidence, the hearing officer prepared a recommended order which found that PFS had the potential of generating hazardous wastewater and directed PFS to obtain an annual operating permit. A final order was later entered in accordance with the hearing officer's findings.
PFS appeals this order, arguing that the record evidence does not support the hearing officer's conclusion that PFS had the potential to generate hazardous wastewater. However, our review of the testimony and the evidence presented reveals that the hearing officer's findings of fact are supported by substantial competent evidence. In this regard, HRS presented both exhibits and testimony of several agency employees which supported its case. First, HRS presented the testimony of Kevin Sherman, an environmental specialist, who testified that PFS' facility possesses the potential to generate hazardous wastewater. Sherman's testimony was later corroborated by Diane Williams, the coordinator for onsite sewage disposal systems for the Hendry County Health Department. Williams agreed that PFS had the potential to generate toxic wastewater. HRS also called Steve Haig, the environmental manager for Hendry and Glades counties. Haig testified that he agreed that PFS had the potential to generate toxic wastewater. This testimony supports the hearing officer's findings, notwithstanding the testimony of PFS' witnesses that PFS does not have the potential to generate toxic wastewater. See Orlando General Hospital v. Department of Health and Rehabilitative Services, 567 So.2d 962 (Fla. 5th DCA 1990).
PFS also argues that HRS erred in failing to afford PFS a formal administrative hearing. PFS maintains that, once HRS received PFS' letter which was attached to its request for an informal administrative hearing, HRS was placed on actual notice that an issue of material fact existed concerning whether PFS had the potential for generating toxic or hazardous wastewater, and thus, had the duty to refer the matter for a formal administrative hearing. In making this argument, PFS relies on Village Saloon, Inc. v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, 463 So.2d 278 (Fla. 1st DCA 1984), and Buchheit v. Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums and Mobile Homes, 659 So.2d 1220 (Fla. 4th DCA 1995). However, these cases are factually distinguishable and therefore not controlling.
In Village Saloon, the owners of a lounge requested a formal administrative hearing in order to resolve a dispute which they had with the Division of Alcoholic Beverages and Tobacco regarding whether the owners had violated the law by selling alcoholic beverages after legal hours. The owners later entered into an agreement with the Division which provided that, since the dispute was one of law, an informal hearing would be *504 sufficient. However, the parties also agreed that, if after listening to what the owners had to say the Division remained convinced that they had violated the law, the owners would then be entitled to receive a formal administrative hearing. The Division failed to abide by the terms of the agreement and instead proceeded to issue a ruling based on documents and information which had been informally submitted by the owners. Importantly, no hearing, formal or informal, was conducted. On appeal, the owners challenged the Division's ruling claiming that they had been improperly denied the opportunity to be heard. The first district agreed, explaining that although the matter could have properly been resolved by either an informal or a formal hearing, the procedure employed by the Division did not constitute a hearing.
Hearings, whether conducted under section 120.57(1) or (2), provide the essential mechanism whereby parties confront each other at a common time and situs and present evidence, legal authority, and argument in support of their respective positions.
Village Saloon, 463 So.2d at 285. The ruling in Village Saloon does not require reversal in the instant case because a proper informal hearing was conducted by an HRS hearing officer.
In Buchheit, a yacht broker was charged with violating section 326.006(2)(e)7, Florida Statutes (1993), by allowing an unlicensed person to use his license. Although the broker steadfastly denied the charge, thereby establishing a material dispute of fact, an informal hearing was conducted. The Department concluded that a violation had occurred and ordered Buchheit to pay certain fines. On appeal, the fourth district reversed the Department's order, ruling that the yacht broker was entitled to receive a formal hearing because his letter "should have been interpreted as a request for a formal hearing." Buchheit, 659 So.2d at 1221. Buchheit is factually distinguishable from the instant case because, unlike here, in Buchheit there is no indication that the broker had specifically requested an informal hearing.
In closing, we note that PFS was certainly entitled to receive a formal administrative hearing because there was a dispute of fact concerning whether it had the potential of generating toxic or hazardous wastewater. See § 120.57(1), Fla. Stat. (1995) (unless waived by all parties, subsection (1) applies whenever the proceedings involve a disputed issue of material fact). However, PFS also had the right to waive its entitlement to receive a formal hearing and instead request an informal hearing. By choosing the first option on the Division's notice form, PFS waived its right to receive a formal hearing. Importantly, at no time did PFS request that the informal hearing be converted to a formal hearing. Cf. Saddlebrook Resorts, Inc. v. Wiregrass Ranch, Inc., 630 So.2d 1123 (Fla. 2d DCA 1993), app'd, 645 So.2d 374 (Fla.1994). It was not until after the HRS hearing officer had made her decision and the final order had been entered that PFS first argued that HRS should have unilaterally disregarded its request for an informal hearing and scheduled the matter for a formal hearing. This request was too late. To require another hearing under these circumstances would be unfair and disruptive to the administration of justice. Accordingly, we affirm. See Compass Lake Hills Development Corp. v. Department of Community Affairs, Division of State Planning, 379 So.2d 376 (Fla. 1st DCA 1979).
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] Subsection (1) of section 120.57 sets forth the procedure for a formal administrative hearing while subsection (2) sets forth the procedure for an informal administrative hearing. See § 120.57, Fla. Stat. (1995).