PER CURIAM.
The issue before us is whether an applicant for a Certificate of Need can voluntarily withdraw the application after an administrative law judge preliminarily denied the application but before the agency entered its final order. We agree with the reasoning of our sister court in Middlebrooks v. St. Johns River Water Management District, 529 So.2d 1167 (Fla. 5th DCA 1988), wherein the court held that
Middlebrooks allowed the hearing to proceed to conclusion. The fact-finder not only “retired”, but he rendered a proposed “verdict.” Middlebrooks knew when he sought to withdraw what the outcome of the case was most likely going to be. To allow him to dismiss at that point would afford him the advantage of 2%o hindsight. No other party dismissing pursuant to Rule 1.420(a)(1) is allowed such an advantage.
See also Wiregrass Ranch, Inc. v. Saddlebrook Resorts, Inc., 645 So.2d 374, 376 (Fla.1994)(adopting the Middlebrooks analysis).
Moreover, a voluntary dismissal is an especially dubious remedy where, as here, the agency has adopted no administrative rule that authorizes this remedy or that incorporates the Florida Rules of Civil Procedure into its proceedings. Department of Professional Regulation v. Marrero, 536 So.2d 1094, 1096 (Fla. 1st DCA 1988), rev. denied, 545 So.2d 1360 (Fla. 1989). Accordingly, we REVERSE the Agency’s order dismissing the petition as moot and REMAND for proceedings consistent with this opinion.
BOOTH, VAN NORTWICK and PADOVANO, JJ., CONCUR.